# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3123
_____

United States of America

*Plaintiff - Appellee*

v.

Samuel James Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 13, 2013
Filed: July 31, 2013
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Samuel James Johnson pleaded guilty to being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district

court[1] designated three of Johnson's prior convictions—attempted simple robbery, simple robbery, and possession of a short-barreled shotgun—as violent felonies. The court then found Johnson to be an armed career criminal under the Armed Career Criminal Act (ACCA) and sentenced him to the mandatory minimum of 180 months' imprisonment. Johnson appeals his designation as an armed career criminal, arguing that his convictions for attempted simple robbery and possession of a short-barreled shotgun were not violent felonies under the ACCA. Johnson also argues that the ACCA is unconstitutionally vague. We affirm.

## I. *Background*

In 2010, the FBI began investigating Johnson's involvement in an organization called the National Social Movement. Johnson subsequently left the National Social Movement and founded the Aryan Liberation Movement, where he planned to counterfeit United States currency to fund its activities. On November 4, 2010, Johnson disclosed to undercover FBI agents that he manufactured napalm, silencers, and other explosives for the Aryan Liberation Movement. That same day, he showed an undercover officer his AK-47 rifle. Additionally, he showed the undercover officer a large cache of ammunition containing approximately 1,100 rounds. Then, in December 2010, he possessed a .22 caliber semi-automatic assault rifle and a .45 caliber semi-automatic handgun.

Authorities arrested Johnson in April 2012 when he attended a meeting with his probation officer. Johnson admitted at that time that he possessed an AK-47 rifle and a .22 caliber semi-automatic assault rifle.

A grand jury charged Johnson in a six-count indictment with being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

924(e) (Counts 1, 3, 5, and 6)[2]; and being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Counts 2 and 4.) Johnson agreed to plead guilty to Count 3 in exchange for the government dismissing the remaining counts. The plea agreement, in its criminal history section, stated that Johnson

> qualifies as an "Armed Career Criminal" and would therefore be subject to a mandatory minimum 15 year term of imprisonment pursuant to Title 18 Section 924(e). The defendant reserves the right to further investigate the defendant's prior convictions and challenge the applicability of the ACCA based upon a review of the underlying documents relating to his conviction.

The presentence investigation report (PSR) identified three prior violent felonies. Johnson's first violent felony was a conviction for attempted simple robbery in Minnesota. In 1999, Johnson put a gun to the victim's head and demanded money. Unbeknownst to the victim, the handgun was a BB gun. Johnson's second prior violent felony was a simple robbery. In 2007, Johnson pleaded guilty to robbing an individual at gunpoint in a parking lot. His third prior violent felony conviction came later that year when Johnson was convicted of possessing a short-barreled shotgun during a drug sale.

Johnson objected to the PSR's designation of his convictions for short-barreled shotgun possession, simple robbery, and attempted simple robbery as violent felonies. Johnson also argued that the district court should use the categorical approach to determine that attempted simple robbery was not a violent felony. Johnson further argued that the ACCA was unconstitutionally vague. In response, the government averred that Eighth Circuit precedent establishes that possession of a short-barreled

---

[2]Johnson's possession as a convicted felon of the AK-47 rifle on November 4, 2010, became Count 3 of the indictment.

shotgun and attempted simple robbery are both violent felonies and that the ACCA is not unconstitutionally vague.

The PSR calculated a base offense level of 24 for Johnson's violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) subsequent to two felony convictions of a crime of violence. U.S.S.G. § 2K2.1(a)(2). The PSR added two offense levels under U.S.S.G. § 2K2.1(b)(1)(A) for possessing more than three but less than seven firearms and added four offense levels under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense. The PSR determined that Johnson's three violent felonies qualified him as an Armed Career Criminal, and it increased his offense level to 33 under U.S.S.G. § 4B1.4(b)(3)(B). Finally, the PSR reduced the total offense level to 30 based on Johnson's acceptance of responsibility. Johnson received three criminal history points, one for each of the three prior felonies at issue in this appeal. Two additional points were added because Johnson committed the instant offense while under a criminal justice sentence. Johnson's total criminal history score of 5 in conjunction with his status as an armed career criminal resulted in a criminal history category of IV.

The district court followed the recommendation of the PSR and found Johnson to have three prior felony convictions; therefore, it determined that Johnson was an armed career criminal under 18 U.S.C. § 924(e). The district court sentenced Johnson to 180 months' imprisonment, the ACCA mandatory minimum, and five years of supervised release.

II. *Discussion*

On appeal, Johnson argues that (1) his 1999 conviction for attempted simple robbery and his 2007 conviction for possession of a short-barreled shotgun should not be considered violent felonies for the purpose of the ACCA and (2) the ACCA is unconstitutionally vague.

A. *Violent Felonies Under the ACCA*

"'We review *de novo* a district court's determination that a defendant's prior conviction constitutes a violent felony for purposes of § 924(e).'" *United States v. Soileau*, 686 F.3d 861, 864 (8th Cir. 2012) (quoting *United States v. Boaz*, 558 F.3d 800, 806 (8th Cir. 2009)). Under 18 U.S.C. § 922(g)(1),

> (g) [i]t shall be unlawful for any person—
>
>> (1) who has been convicted in any court of, a crime
>> punishable by imprisonment for a term exceeding one year
>> . . .
>
> * * *
>
> to ship or transport in interstate or foreign commerce, or possess in or
> affecting commerce, any firearm or ammunition; or to receive any
> firearm or ammunition which has been shipped or transported in
> interstate or foreign commerce.

Furthermore, any individual "who violates section 922(g)(1)" and who "has three previous convictions . . . for a violent felony or a serious drug offense . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Finally, according to § 924(e)(2)(B),

> (B) the term "violent felony" means any crime punishable by
> imprisonment for a term exceeding one year, or any act of juvenile
> delinquency involving the use or carrying of a firearm, knife, or
> destructive device that would be punishable by imprisonment for such
> term if committed by an adult, that—
>
>> (i) has as an element the use, attempted use, or threatened
>> use of physical force against the person of another; or

-5-

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

Our circuit addressed the sentencing implications of possessing a short-barreled shotgun in *United States v. Lillard*:

> Possession of a short shotgun presents a serious potential risk of physical injury to another because it is roughly similar to the listed offenses within the ACCA, both in kind as well as the degree of risk for harm posed. Lillard's possession of a short shotgun is a violent felony.

685 F.3d 774, 777 (8th Cir. 2012). Johnson's offense is not meaningfully distinguishable from the one in *Lillard*. The district court did not err by treating Johnson's possession of a short-barreled shotgun conviction as violent felony.

Similarly, the district court also properly considered Johnson's attempted simple robbery conviction to be a violent felony. In a case involving the Arkansas robbery statute, which is quite similar to the Minnesota robbery statute, we concluded that the offense of attempted robbery was a violent felony for purposes of the ACCA.

> The Arkansas robbery statute provides "a person commits robbery if, with the purpose of committing a felony or misdemeanor theft . . . the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102(a). By definition, robbery in Arkansas qualifies as a crime of violence under § 4B1.2(a)(1). An attempt to commit an Arkansas robbery automatically qualifies as a crime of violence under the binding commentary to § 4B1.2. Thus, [the defendant's] Arkansas state conviction for attempted robbery qualifies as a crime of violence under § 4B1.1, and the district court did not err when it applied the career offender provision.

*United States v. Sawyer*, 588 F.3d 548, 556 (8th Cir. 2009).

The Minnesota robbery statute phrase "uses or threatens the imminent use of force against any person," Minn. Stat. § 609.24, is almost identical in meaning to the Arkansas statute's phrase "employs or threatens to immediately employ physical force upon another person," Ark. Code Ann. § 5-12-102(a). *See Sawyer*, 588 F.3d at 556. Consequently, the holding in *Sawyer* that attempted robbery is a violent felony under the ACCA applies to Johnson's attempted simple robbery in Minnesota. *See id.*

Since Johnson's three prior convictions—attempted simple robbery, simple robbery, and being a felon in possession of a short barreled shotgun—are violent felonies under the ACCA, the district court properly classified Johnson as an armed career criminal under § 924(e).

## B. *Constitutionality of the ACCA*

Johnson argues that the ACCA is unconstitutionally vague and asks this court to adopt Justice Scalia's dissenting view. *See United States v. Sykes*, 131 S. Ct. 2267, 2284–89 (2011) (Scalia, J., dissenting); *James v. United States*, 550 U.S. 192, 215–31 (2007) (Scalia, J., dissenting).

The Supreme Court and this circuit have upheld the constitutional validity of § 924(e) against challenges that it was unconstitutionally vague. Johnson's argument does not meaningfully differ from earlier attempts. We need not discuss the matter further for purposes of appeal. *See James*, 550 U.S. at 210 n.6; *United States v. Hudson*, 414 F.3d 931, 936 (8th Cir. 2005).

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____