# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2643

_____

United States of America

*Plaintiff - Appellee*

v.

Travis Ryan Raymond

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 9, 2015
Filed: February 19, 2015
[Published]

_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Travis Raymond was stopped by police officers who determined that the vehicle in which Raymond was traveling was stolen. The officers arrested Raymond and searched the car. During the search, they found a handgun underneath the driver's seat. The officers also found a case that contained methamphetamine and drug paraphernalia. Raymond was charged with possession of methamphetamine

with intent to distribute, 21 U.S.C. § 841(a)(1), and illegal possession of a firearm, 18 U.S.C. § 922(g)(1). He was designated an armed career criminal, id. § 924(e)(1), because he has at least three previous convictions for a violent felony. Raymond pleaded guilty, and the district court[1] sentenced him to 15 years' imprisonment, the statutory minimum. He reserved his right to appeal his designation as an armed career criminal.

On appeal, Raymond argues only that possession of a handgun is not a violent felony under the Armed Career Criminal Act (ACCA). But he misunderstands § 924(e)(1). That statute says

> In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). It does not matter whether Raymond's *current* conviction for illegal possession of a handgun is a "violent felony"; that conviction under § 922(g)(1) triggers the 15-year sentence if he has three *previous* convictions that are violent felonies or serious drug offenses. The district court concluded that Raymond's previous Minnesota convictions—for fleeing police in a motor vehicle, third-degree burglary, second-degree aggravated robbery, and simple robbery—are violent felonies, and thus imposed the 15-year sentence. Raymond does not challenge that conclusion.

Moreover, a challenge to the district court's conclusion regarding Raymond's previous convictions would fail: We previously have determined that convictions

---

[1] The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

under the Minnesota statutes that Raymond violated are violent felonies under § 924(e).  See United States v. Pate, 754 F.3d 550, 555–56 (8th Cir. 2014) (fleeing police in a motor vehicle); United States v. Constantine, 674 F.3d 985, 990 (8th Cir. 2012) (third-degree burglary); United States v. Rucker, 545 F. App'x 567, 572–73 (8th Cir. Nov. 6, 2013) (aggravated robbery); United States v. Johnson, 526 F. App'x 708, 711 (8th Cir. July 31, 2013) (simple robbery), cert. granted on other grounds, 134 S. Ct. 1871 (2014).  Raymond thus is an armed career criminal, and application of the 15-year statutory minimum sentence was correct.

Raymond suggests we should reserve review of his case pending the outcome of Johnson v. United States, in which the Supreme Court granted certiorari to decide whether possession of a sawed-off shotgun is a "violent felony" under the ACCA.[2] An administrative panel of this court rejected Raymond's earlier request to stay the briefing deadline.  And Raymond did not possess a sawed-off shotgun, nor does he have a *previous* conviction for possessing any gun, so the outcome in Johnson will make no difference to his sentence or his appeal.

We thus affirm the judgment of the district court and uphold Raymond's 15-year sentence.

_____

---

[2]The Supreme Court heard oral arguments in Johnson on November 5, 2014.