# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3382

_____

United States of America,         *
                                 *

         Appellee,         *

                                 *   Appeal from the United States

v.                         *   District Court for the

                                 *   Northern District of Iowa.

Gary Lee Brooks,         *

                                 *   [UNPUBLISHED]

         Appellant.       *

_____

Submitted: March 22, 2011
Filed: April 4, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Gary Brooks pleaded guilty to conspiring to distribute actual methamphetamine and possessing with intent to distribute a methamphetamine mixture, both within 1,000 feet of a public playground, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (B), 846, and 860(a). The district court[1] sentenced him to the statutory minimum prison term of 120 months. Brooks appeals. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising the argument that the government

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

acted in bad faith in refusing to move under 18 U.S.C. § 3553(e) for a sentence reduction based on substantial assistance.

The challenge to the sentence is unavailing: there is no indication in the record that the government's decision not to move for a sentence reduction was improper. See United States v. Wattree, 431 F.3d 618, 624 (8th Cir. 2005) (so long as government's refusal to file substantial-assistance motion is not motivated by bad faith or unconstitutional motive, court cannot order government to file motion); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), applicable only when government makes substantial-assistance motion or defendant qualifies for safety-valve relief); United States v. Mendoza, 876 F.2d 639, 641 (8th Cir. 1989) (mandatory minimum sentencing does not violate defendant's constitutional rights).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

_____