# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1415

_____

Kristopher Kai Hamberg,                    *
                                           *
      Appellant,                       *
                                           *
                                           *    Appeal from the United States
    v.                                     *    District Court for the
                                           *    District of North Dakota.
United States of America,                  *
                                           *
      Appellee.                        *

_____

Submitted: February 17, 2012
Filed: March 30, 2012

_____

Before RILEY, Chief Judge, WOLLMAN, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Kristopher Hamberg was convicted of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of two counts of using a firearm during a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Hamberg was sentenced to 276 months' imprisonment on the conspiracy count, 84 months' imprisonment on the first firearm count, and 300 months' imprisonment on the second firearm count. The district court ordered that the sentences be served consecutively, resulting in a total sentence of 660 months' imprisonment. The conviction and sentence were affirmed on direct appeal. United States v. Hamberg, 182 F. App'x 599 (8th Cir. 2006) (unpublished) (per

curiam).  Hamberg filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing four separate grounds of ineffective assistance of trial counsel.  The district court[1] denied his motion in its entirety.  We granted a certificate of appealability on the issue whether counsel was ineffective for failing to object to the imposition of two consecutive sentences for the two firearms convictions based on Hamberg's employment of the same firearm in a single drug-trafficking offense.  We affirm.

I.

The evidence at trial showed that Hamberg became involved in drug dealing activities in the Fargo, North Dakota, area in 2003.  Jason Burnside began purchasing methamphetamine from Hamberg that summer.  By August of 2003, Burnside estimated that he owed Hamberg approximately $400 for methamphetamine.

This debt appears to have been a motivating factor in the two instances of firearm use that resulted in the consecutive sentences at issue in Hamberg's appeal.  Brent Duursma, another acquaintance who distributed methamphetamine for Hamberg, testified that he knew that Burnside owed Hamberg money on a drug debt.  Duursma testified that Hamberg pointed a gun at Duursma's head, threatened to shoot, and demanded that Duursma tell Hamberg of Burnside's whereabouts.

In the second incident, Burnside accompanied Anthony Francis to an apartment for the purpose of obtaining methamphetamine.  Francis then alerted Hamberg, who came to the apartment and assaulted Burnside.  Witnesses testified that Hamberg struck Burnside in the face with a gun and that during the assault the gun discharged, although the bullet did not hit anyone.

---

[1]The Honorable Ralph R. Erickson, then Chief Judge, United States District Court for the District of North Dakota.

The incident in which Hamberg threatened Duursma was the basis for the first firearm count; the incident in which Hamberg assaulted Burnside was the basis for the second. At sentencing, the district court stated that "the way the court reads the statute, that is a minimum mandatory consecutive seven years for brandishing," and for the incident when the firearm discharged "a minimum mandatory additional consecutive twenty-five years." Sentencing Tr. at 665; see 18 U.S.C. §§ 924(c)(1)(A)(ii) and (C)(i). Hamberg contends that a single underlying drug offense, the conspiracy, cannot support multiple convictions under 18 U.S.C. § 924 for use of a firearm in furtherance of the drug offense. He argues that his counsel's failure to object to the consecutive terms of imprisonment at sentencing constitutes ineffective assistance of counsel.

II.

We review *de novo* the denial of a § 2255 motion and review any underlying factual findings for clear error. United States v. Hernandez, 436 F.3d 851, 854-55 (8th Cir. 2006) (citations omitted). The standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), provides the framework for evaluating an ineffective assistance of counsel claim.

Under Strickland, a petitioner must show that his counsel's performance was both deficient and prejudicial to obtain relief. Id. at 687. That is, "the movant must show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." Alaniz v. United States, 351 F.3d 365, 367-68 (8th Cir. 2003) (citing Strickland, 466 U.S. at 690, 694). "Our scrutiny of counsel's performance must be 'highly deferential.'" New v. United States, 652 F.3d 949, 952 (8th Cir. 2011) (citing Strickland, 466 U.S. at 687).

Hamberg argues that, because there is a circuit split on the issue of whether a single underlying drug offense can support multiple convictions for use of a firearm in furtherance of the drug offense, his counsel was deficient by failing to object to the consecutive sentences on the two firearms counts. Hamberg concedes, however, that United States v. Lucas, 932 F.2d 1210 (8th Cir. 1991), is controlling precedent in this circuit.[2] In Lucas, we held that "each separate use of a firearm in relation to a violent crime or drug trafficking crime is punishable under section 924(c) regardless of whether other section 924(c) charges are related to the same predicate offense." 932 F.2d at 1223. We reasoned that "the clear design of section 924(c) [is] to deter individual uses of firearms," not just "firearm use as a course of action." Id. In this case, Hamberg used the firearm in two different places, threatening and assaulting two different victims, and for two different, although related, purposes. Each instance of use is separately punishable as a violation of § 924(c).

We disagree with Hamberg's contention that competent counsel would have "preserved the issue through objection for presentation through en banc review or a petition for writ of certiorari." Appellant's Br. at 7. We have held that "[a] failure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services 'outside the wide range of professionally competent assistance' sufficient to satisfy the Sixth Amendment." New, 652 F.3d at 952 (citing Strickland, 466 U.S. at 690). In Fields v. United States, 201 F.3d 1025, 1027-28 (8th Cir. 2000), we held that an attorney who did not object to a jury instruction acted within the range of professional competence because there was no Eighth Circuit or Supreme Court authority on the issue and because the two circuits that had addressed the issue had reached opposite conclusions. Fields extended our ruling in Parker v.

---

[2]We note that Hamberg is correct that the majority of our sister circuits have reached the opposite conclusion. See United States v. Diaz, 592 F.3d 467, 471-72 (3d Cir. 2010) (collecting cases). As the Third Circuit noted in Diaz, our view, also held by the Fourth Circuit, is the minority view on this issue. Id. at 473 (citing United States v. Camps, 32 F.3d 102, 108-09 (4th Cir. 1994) and Lucas, 932 F.2d at 1222.

Bowersox, 188 F.3d 923, 929 (8th Cir. 1999), in which we held that "failure to anticipate a change in the law will not establish that counsel performed below professional standards." Fields, 201 F.3d at 1028. If we do not require counsel to raise arguments that anticipate changes in the law or raise unsettled issues of law, then it cannot be considered professionally unreasonable for counsel to fail to object to the correct application of settled law within our circuit.

Hamberg's counsel acted within the range of professional competence when he chose not to object to the district court's application of the settled law. Because counsel's performance was not deficient, Hamberg's claim of ineffective assistance fails.

III.

The judgment is affirmed.

_____