# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2566
_____

Aaron William Anderson, Jr.,

*Petitioner - Appellant,*

v.

United States of America,

*Respondent - Appellee.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 16, 2014
Filed: August 8, 2014

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury found Aaron Anderson guilty of possession with intent to distribute crack cocaine. Anderson filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, alleging that his trial counsel was ineffective in failing to move to suppress evidence and to seek a hearing based on alleged false statements by a police

officer in a search warrant affidavit. The district court[1] dismissed Anderson's motion without a hearing. Anderson then filed a motion to reopen the judgment, which the district court also denied. Anderson appeals, and we affirm.

## I.

In the underlying criminal case, law enforcement officers suspected that Anderson was dealing crack cocaine out of his residence in Davenport, Iowa, and began to investigate him. As part of that investigation, officers performed two trash pulls at Anderson's residence, a house converted into an apartment building at 1214 Bridge Avenue. The first occurred on January 21, 2008, and the second on February 4, 2008.

Based on evidence of drug dealing that officers found during the trash pulls, the police obtained a search warrant for Anderson's residence. Officer John Hutcheson's affidavit in support of the warrant specified:

> 4. On 01/21/08 your affiant and Cpl Behning seized three bags of trash from three City of Davenport trash receptacles left out for collection along the curb in front of 1214 Bridge Ave. . . .
>
> On your affiant and Cpl Behning going through the three bags of trash seized from 1214 Bridge Ave. the following items were found:
>
> Indicia of occupancy for Aaron Anderson, being a Burke Cleaners receipt with a PBX of 563-676-6179 and a[n] address of 1402 Harrison St. . . .
>
> Several baggies with the corners twisted or cut off.

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Baggies with suspected cocaine residue, . . . which tested positive for the possible presence of cocaine.

Several ends of suspected marijuana cigars, . . . which tested positive for the possible presence of marijuana.

A razor blade with suspected cocaine residue, . . . which tested positive for the possible presence of cocaine. . . .

6. On 02/04/08 your affiant and Sgt Smull seized three bags of trash from three City of Davenport trash receptacles left out for collection along the curb in front of 1214 Bridge Ave.

On your affiant and Sgt Smull going through the three bags of trash seized from 1214 Bridge Ave. the following items were found:

Indicia for 1214 Bridge Ave. apartment #1, being a Domino's Pizza box.

Baggies with the corners missing and a corner of a baggie.

Baggies with suspected marijuana residue, . . . which tested positive for the possible presence of marijuana.

Ends of suspected marijuana cigars and suspected marijuana stems, . . . which tested positive for the possible presence of marijuana.

A box for a Pro Scale LC 300 digital scale, which contained pieces of the scale and a pack of Zig Zag rolling papers.

A broken Pro Scale LC 300 digital scale.

At trial, Officer Hutcheson testified that both trash pulls were performed at 1:30 a.m. from three trash cans that he said were "located on Bridge Street by the driveway, sitting on the curb" and "out on the sidewalk."

Items seized during the trash pulls and execution of the search warrant were received in evidence at Anderson's trial, and a jury found Anderson guilty of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The district court sentenced Anderson to 360 months in prison. Anderson appealed, this court affirmed, *United States v. Anderson*, 618 F.3d 873 (8th Cir. 2010), and the Supreme Court denied *certiorari*. *Anderson v. United States*, 131 S. Ct. 1550 (2011).

On February 23, 2012, pursuant to 28 U.S.C. § 2255, Anderson filed a *pro se* motion to vacate his sentence, alleging that Officer Hutcheson lied in his affidavit in support of the search warrant and that trial counsel was ineffective in "failing to follow [Anderson's] express instructions to file a suppression motion." He also asserted that counsel should have moved for a hearing to consider whether Hutcheson provided false information to procure the search warrant. Anderson specifically challenged paragraph four of Hutcheson's affidavit:

> The three garbage bags that Ofc. Hutcheson . . . stated in the affidavit were from three City of Davenport trash receptacles left outside for collection along the c[ur]b in front of 1212 [sic] Bridge Ave, is a blatant lie. These trash bags were within the curt[]ilage of my private property. This is indeed true because on January 21, 2008 there was an abu[n]dan[ce] of snow and there was nowhere on 'the c[ur]b' to place the trash receptacles. . . . My home sat on the corner of 13th St & Bridge Ave., and my drive way, which is approximately 30-feet from the c[ur]b of Bridge Ave is private property, and there is a fence, where the trash in question was, that separated my home from my neighbors['] home.

Anderson attached to his § 2255 motion only the first page of Officer Hutcheson's warrant affidavit; the second page was included for the first time with Anderson's submission on appeal. Anderson asserted in the § 2255 motion that he

would "be forwarding pictures of the lay out of the property" to the court, but proffered no other evidence regarding his claim of ineffective assistance.

On March 7, 2012, the district court dismissed Anderson's ineffective-assistance claim without a hearing. The court concluded: "The information provided by [Anderson] is insufficient to call for an evidentiary hearing. The allegations are therefore also insufficient to support this claim of ineffective assistance of counsel."

On April 3, 2012, Anderson moved to alter or amend the judgment pursuant to Rule 59(e) or, alternatively, to reopen the judgment under Rule 60(b). He asked the court to "allot [Anderson] enough time in which he can procure the 'material evidence' he needs to prove his [ineffective assistance of counsel] claim." Anderson stated that his § 2255 motion "specifically apprised the Court that he would be promptly forwarding photos and other evidence," but "the Court did not give [him] enough time or an opportunity to procure all of the . . . evidence." Anderson insisted he was "currently seeking" various documents to prove his claim, namely (1) photographs showing where he normally keeps his trash cans, the fence surrounding his residence, and the driveway "on [his] private property"; (2) weather reports and a letter from the supervisor of the Iowa Department of Sanitation verifying that there was snow on the curb during January and February of 2008; and (3) an affidavit from Tina DeBerry attesting that Anderson never put his trash cans on the curb until trash pick-up day. But Anderson did not submit any evidence with his motion to reopen.

The district court denied Anderson's motion under Rule 59(e) and Rule 60(b) on May 9, 2012. The court acknowledged that Anderson had "provide[d] some additional factual support" for his ineffective-assistance claim, but determined that Anderson's "additional allegations and argument do not change this court's conclusions."

In April 2013, Anderson filed in this court what he called a "Motion/Letter Pursuant to Fed. R. App. P. 28(j)."  With that filing, Anderson submitted several exhibits—namely, according to Anderson, (1) photographs showing that his trash cans have lids and are kept "within the curtilage" his residence and "all of the apartments on th[e] property," (2) photographs depicting a fence on the property that includes Anderson's residence, (3) an affidavit from Tina DeBerry, attesting that on "numerous occasions" she "tried to place[] the trash on the c[ur]b . . . before the scheduled time, and Aaron would stren[u]ously object, and instruct [her] to wait for the scheduled day to put the trash out on the curb," (4) Officer Hutcheson's warrant affidavit; and (5) photographs of the street and Anderson's driveway that "show[] easy access for the police to come upon the property 'undetected' to search the trash recept[a]cles."  On June 21, 2013, this court granted a certificate of appealability as to Anderson's ineffective-assistance-of-counsel claim.

## II.

Section 2255 provides that a district court may deny a motion without a hearing if the files and records of the case conclusively show that the prisoner is entitled to no relief.  28 U.S.C. § 2255(b).  The standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984),  provides the framework for evaluating Anderson's ineffective-assistance-of-counsel claim.  To establish a violation of the Sixth Amendment, Anderson must show that his counsel's performance was deficient and that Anderson suffered prejudice as a result.  *Id.* at 687.  Reviewing the district court's decision *de novo*, we conclude that the court did not err in dismissing Anderson's § 2255 motion without a hearing because even accepting his allegations as true, counsel's performance did not fall below an objective standard of reasonableness.

A.

There are two steps to Anderson's argument. First, he contends that counsel should have moved for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), alleging that Officer Hutcheson stated falsely in his affidavit that Anderson's trash cans were located at the curb when Hutcheson pulled trash from the cans. Second, once it is established that the trash cans were instead located within the curtilage of the residence, he contends that counsel deficiently failed to move to suppress evidence seized from the cans on the ground that police unconstitutionally searched them without a warrant. We conclude that the argument fails at both steps.

To obtain an evidentiary hearing based on *Franks* in the underlying criminal case, Anderson was required to make a substantial preliminary showing that Hutcheson knowingly and intentionally included a false statement in his affidavit, or that he did so with reckless disregard for the truth. Anderson also was required to establish that the allegedly false statement was necessary to the finding of probable cause. *Id.* at 155-56. A conclusory allegation of falsity is insufficient: "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *United States v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012) (internal quotation omitted).

The record in the district court on the § 2255 motion did not necessitate an evidentiary hearing for several reasons. First, Anderson did not allege that he provided his attorney with factual information that would have led counsel reasonably to conclude that a *Franks* motion was warranted. *Cf. Cox v. Wyrick*, 642 F.2d 222, 226 (8th Cir. 1981). Although the motion asserts that Anderson expressly instructed counsel to file such a motion, he did not allege that he told counsel where the trash cans were located when they were searched by Officer Hutcheson or what evidence supported his assertion.

-7-

Second, even if we presume that Anderson gave counsel the information that is alleged in the § 2255 motion, Anderson still did not definitively assert personal knowledge that the trash cans were located within the curtilage of his residence when Officer Hutcheson searched them. He relied instead on the weather, stating that it was "indeed true" that the cans were in the curtilage of his residence, "because on January 21, 2008 there was an abu[n]dan[ce] of snow and there was nowhere on 'the c[ur]b' to place the trash receptacles." A reasonable trial counsel, knowing the tradition of trash collection in Iowa during the winter, could have concluded that evidence of snowfall was not sufficient to establish a substantial preliminary showing that Hutcheson made false statements in his affidavit.

Third, even if we assume that Anderson now alleges personal knowledge that the trash cans were located within the curtilage, counsel reasonably could have concluded that Anderson's allegations were insufficient to make the "substantial preliminary showing" that would trigger a *Franks* hearing. Anderson's allegation that Officer Hutcheson lied in the warrant affidavit about the location of the trash cans during the first trash pull was conclusory and unsupported by any offer of proof. Anderson did not proffer with his § 2255 motion any other evidence showing that the trash was not at the curb at the time of the first trash pull. At most, Anderson "set up a swearing contest," *United States v. Southard*, 700 F.2d 1, 10 (1st Cir. 1983), and counsel reasonably could have concluded that such a showing would fail to meet the *Franks* threshold. *See also United States v. Figueroa*, 750 F.2d 232, 237 (2d Cir. 1984). Counsel therefore was not deficient for declining to file a *Franks* motion even under these assumptions.

Fourth, the statements of Officer Hutcheson that Anderson challenged in his § 2255 motion were not essential to the finding of probable cause to search Anderson's residence. Anderson's motion challenged only Hutcheson's statements regarding the first trash pull on January 21, 2008. *See* R. Doc. 1, at 7-8. But during a second trash pull on February 4, 2008, officers found indicia of Anderson's occupancy, baggies

with corners missing, marijuana cigars and stems, rolling papers, a box for a scale, and a broken scale in the trash. T. Tr. 27-30. The discovery of drugs or drug paraphernalia in a suspect's trash contributes significantly to establishing probable cause to search the suspect's residence, and can even be sufficient by itself under certain circumstances. *United States v. Briscoe*, 317 F.3d 906, 908-09 (8th Cir. 2003). A trial counsel presented with the allegations of Anderson's § 2255 motion and Officer Hutcheson's affidavit reasonably could have concluded that even if Anderson were successful in disputing Hutcheson's claim about the discovery of evidence on January 21, the unchallenged evidence discovered on February 4 was independently sufficient to support the search warrant, and a *Franks* motion would have been fruitless. *See Franks*, 438 U.S. at 171-72; *Payne v. United States*, 78 F.3d 343, 348 (8th Cir. 1996).

Fifth, even if we entertain Anderson's present suggestion that Officer Hutcheson stated falsely in his affidavit that the trash cans were located at curbside during *both* trash pulls, and if we assume that Anderson provided counsel with sufficient information to prove the alleged falsehoods, counsel still reasonably could have concluded that a motion to suppress was unwarranted. This court ruled in *United States v. Comeaux*, 955 F.2d 586 (8th Cir. 1992), that there is no reasonable expectation of privacy in the contents of a garbage can that is readily accessible to the public, even when the receptacle is located within the curtilage of a residence. *Id*. at 589 (citing *California v. Greenwood*, 486 U.S. 35, 37 (1988)); *see United States v. Hedrick*, 922 F.2d 396, 400 (7th Cir. 1991); *cf. United States v. Michaels*, 726 F.2d 1307, 1312-13 (8th Cir. 1984) (discussing expectation of privacy in "an outdoor communal trash container serving an apartment building"). Anderson did not allege facts in his § 2255 motion tending to show that the cans were inaccessible to members of the public, including co-tenants and their visitors, and he acknowledged in his brief on appeal that *Comeaux* says "garbage may be searched within the curtilage of a home." Counsel is not ineffective for failing to pursue a motion to suppress that he reasonably believes would be futile. *See United States v. Luke*, 686 F.3d 600, 606 (8th

Cir. 2012); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam); *Williams v. Kelly*, 816 F.2d 939, 950 (4th Cir. 1987).

Anderson argues that counsel was ineffective in failing to preserve for further review the Fourth Amendment issue decided in *Comeaux*, because there was a conflict in the circuits regarding the constitutionality of searches of trash cans located within the curtilage of a residence. We rejected a comparable argument in *Hamberg v. United States*, 675 F.3d 1170 (8th Cir. 2012), holding that despite a conflict in authority, it is not "professionally unreasonable for counsel to fail to object to the correct application of settled law within our circuit." *Id.* at 1172-73. Anderson also argues that *Florida v. Jardines*, 133 S. Ct. 1409 (2013), "provides a solid argument that *Comeaux* . . . was improperly decided." But *Jardines* was decided well after Anderson's trial, and even if *Jardines* undermined *Comeaux*, counsel's failure to anticipate a change in the law does not establish that counsel's performance was deficient. *Hamberg*, 675 F.3d at 1173; *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995).

### B.

The district court did not abuse its discretion in denying Anderson's motion to alter or amend the judgment, or to reopen the judgment, under Civil Rules 59(e) and 60(b), respectively. To prevail on this motion, Anderson was required to show—among other things—that the evidence proffered with the motion was discovered after the court's order and that he exercised diligence to obtain the evidence before entry of the order. *Williams v. Hobbs*, 658 F.3d 842, 853-54 (8th Cir. 2011); *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006). The new evidence and argument cited by Anderson in his post-judgment motion reasonably could have been offered prior to the district court's entry of the March 2012 order. Anderson argues that the court did not give him time to procure and submit the evidence. But the § 2255 motion was filed more than four years after the disputed

trash pulls and nearly three years after the judgment in the criminal case. Yet Anderson did not proffer his new materials to this court until more than one year after he filed the § 2255 motion. Anderson's argument that he had insufficient time to prepare the motion is unpersuasive.

\*       \*       \*

The judgment of the district court is affirmed. Anderson's motion to supplement the evidentiary record on appeal is denied, *see Von Kahl v. United States*, 242 F.3d 783, 788 (8th Cir. 2001), except that we receive Officer Hutcheson's complete warrant affidavit under the rule of completeness. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72 (1988); *cf. Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63-64 (8th Cir. 1993). Anderson's *pro se* motion for the production of or subpoena of material documents, *pro se* request for judicial notice, and *pro se* petition for writ of mandamus are denied, consistent with Eighth Circuit policy not to consider *pro se* filings when an appellant is represented by counsel. *See United States v. Martin*, 59 F.3d 767, 768 n.2 (8th Cir. 1995).

_____