# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3640
_____

Gary Lee Brooks

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 12, 2014
Filed: November 24, 2014

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

In this proceeding under 28 U.S.C. § 2255, Gary Brooks claims ineffective assistance of trial counsel. The district court[1] denied Brooks's petition, and we affirm.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

In April 2008, Brooks bought methamphetamine from Laura Gamboa. Officers searched Brooks and his vehicle and found scales, baggies, and 33.97 grams of actual methamphetamine. In a motel room rented by Gamboa and another woman, officers later found 62.28 grams of actual methamphetamine.

Brooks was indicted on two counts: (1) conspiracy to distribute and possess with intent to distribute fifty or more grams of actual methamphetamine within 1,000 feet of a playground and (2) conspiracy to distribute and possess with intent to distribute five or more grams of actual methamphetamine within 1,000 feet of a playground. *See* 21 U.S.C. §§ 841, 846, 860(a). The Government contended that Brooks had conspired with Gamboa to distribute methamphetamine and thus that Brooks was responsible for both the 33.97 grams found in his vehicle and the 62.28 grams from Gamboa's motel room.

On the advice of counsel, Brooks entered an *Alford* plea on both counts. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970). Because Brooks's plea on the first count involved more than fifty grams of methamphetamine, Brooks faced and ultimately received a mandatory minimum sentence of 120 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). We affirmed his sentence. *United States v. Brooks*, 415 F. App'x 731 (8th Cir. 2011) (per curiam).

Brooks now brings this habeas challenge, alleging ineffective assistance of counsel. He claims that Gamboa sold him the 33.97 grams of methamphetamine for personal use and that he did not conspire to distribute the 62.28 grams from the motel. Brooks argues that had he gone to trial, a jury was unlikely to have convicted him on the fifty-gram count. Thus, Brooks asserts, trial counsel was constitutionally ineffective in recommending an *Alford* plea on that count. In this proceeding, however, counsel explained his belief that a jury likely would have convicted Brooks on the fifty-gram count. Counsel decided Brooks should avoid that risk and enter an *Alford* plea so that Brooks might decrease his sentence by cooperating with the

Government, *see* 18 U.S.C. § 3553(e), accepting responsibility, *see* USSG § 3E1.1, and avoiding a potential obstruction-of-justice sentencing enhancement, *see* USSG § 3C1.1.

"On appeal from a denial of a 28 U.S.C. § 2255 motion, we review the district court's legal conclusions de novo and its factual findings for clear error." *Morelos v. United States*, 709 F.3d 1246, 1249 (8th Cir. 2013). To succeed, Brooks "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result." *See Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We begin with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690.

Under these circumstances, we cannot say that counsel's decision to recommend that Brooks enter an *Alford* plea on the fifty-gram conspiracy count was anything but a permissible strategic choice, because counsel reasonably believed that a jury would have found Brooks guilty on that count. If Brooks had conspired to distribute methamphetamine, Brooks would have been "accountable for drugs possessed by his co-conspirators if they [had] acted in furtherance of the conspiracy, and their activities [had been] known or reasonably foreseeable to [Brooks]." *See United States v. Spotted Elk*, 548 F.3d 641, 674 n.12 (8th Cir. 2008). A jury could have found such a conspiracy because Brooks bought a distributable quantity of methamphetamine from Gamboa. Despite Brooks's claim that the 33.97 grams in his vehicle was for personal use, this amount is consistent with distribution. *See, e.g.*, *United States v. Fetters*, 698 F.3d 653, 657-58 (8th Cir. 2012) (referencing a narcotics expert's testimony that 11.73 grams of methamphetamine at 73 percent purity is a distribution quantity). The scales and baggies in Brooks's vehicle further suggest an intent to distribute. *See, e.g.*, *United States v. Vore*, 743 F.3d 1175, 1181 (8th Cir.

2014). Thus, counsel reasonably concluded that a jury would have found that Brooks conspired with Gamboa to distribute methamphetamine and that Gamboa's possession of more methamphetamine was reasonably foreseeable to Brooks. *See United States v. Moya*, 690 F.3d 944, 949 (8th Cir. 2012) ("[A] large quantity of drugs, rather than amounts consistent with personal use, supports an inference that the defendant knew he was part of a larger venture that extended beyond his participation." (internal quotation marks omitted)). Accordingly, counsel's recommendation that Brooks enter an *Alford* plea was a permissible strategic choice.

Although Brooks's presentence investigation report later attributed only the 33.97 grams of methamphetamine to Brooks, and though Brooks eventually did not receive a substantial-assistance departure, these facts are of no moment. "When assessing attorney performance, courts should avoid the distorting effects of hindsight and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time." *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010) (quoting *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005)).

Because we find no constitutional deficiency in the performance of Brooks's trial counsel, we do not reach the question of prejudice. The judgment of the district court is affirmed.

_____