# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-2185

———————————————

Rocky Thomas Mayfield,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.

——————————

Appeal from United States District Court
for the District of North Dakota - Bismarck

——————————

Submitted: October 17, 2019
Filed: April 8, 2020

——————————

Before COLLOTON, WOLLMAN, and KELLY, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

A jury convicted Rocky Thomas Mayfield of several charges involving methamphetamine trafficking and unlawful possession of a firearm, and the district court sentenced him to 240 months in prison. Mayfield later moved under 28 U.S.C. § 2255 to vacate the sentence on the ground that he received ineffective assistance of counsel during plea negotiations before trial. The district court denied the motion

without a hearing, and Mayfield appeals.  We conclude that the record does not conclusively show that Mayfield's claim is without merit, so we vacate the judgment and remand for further proceedings.

## I.

A grand jury charged Mayfield in April 2015 with one count of conspiracy to distribute 500 grams or more of methamphetamine mixture, one count of possession with intent to distribute 500 grams or more of methamphetamine mixture, one count of possession with intent to distribute 50 grams or more of actual methamphetamine, and one count of unlawful possession of a firearm by a convicted felon.  The drug charges initially carried a mandatory minimum sentence of 10 years' imprisonment and a maximum term of life.  21 U.S.C. § 841(b)(1)(A)(viii) (2012).  The firearms charge was punishable by a maximum term of 10 years' imprisonment.  18 U.S.C. § 924(a)(2).

The government then filed an information under 21 U.S.C. § 851, notifying Mayfield that he was subject to enhanced punishment based on a felony conviction in Arizona from 2002 for possession of drug paraphernalia.  The prior conviction, if established, would have increased the minimum penalty to 20 years' imprisonment for each of the drug charges.  21 U.S.C. § 841(b)(1)(A) (2012).

In May 2015, Mayfield retained new counsel whose performance is the subject of this appeal.  In January 2016, with a motion to suppress evidence pending, the government proposed to defense counsel that Mayfield withdraw his pending motion, plead guilty, and cooperate with the government in an effort to reduce his sentence.  Mayfield rejected the overture.

The district court then denied the motion to suppress, and the government proposed new terms to Mayfield's counsel.  As memorialized in an e-mail of February

10, 2016, the government offered that if Mayfield pleaded guilty to the drug conspiracy charge and the firearms charge, the government would dismiss the other two drug trafficking counts. The government also would "agree to recommend a sentence <u>at the low end</u> of the sentencing guideline range found by the court at the sentencing hearing or the statutory minimum mandatory imprisonment sentence, whichever is higher." The offer did not provide for a stipulated sentencing guideline range and left the final guideline calculations for determination at sentencing. The prosecutor first predicted an advisory sentencing range of 210 to 262 months under the sentencing guidelines, but then explained his view that the statutory minimum would adjust the range to 240 to 262 months. Then the prosecutor said that the government might not move for a third level of reduction for acceptance of responsibility under USSG § 3E1.1(b); in that case, the estimated advisory range would have been 235 to 293 months, adjusted to 240 to 293 months by the asserted statutory minimum. The government suggested that Mayfield's advisory range would be 292 to 365 months if he declined to accept responsibility and was convicted after a trial.

Mayfield declined the offer, proceeded to trial, and was convicted on all four counts. The probation office calculated an advisory guideline range of 262 to 327 months' imprisonment, with a statutory minimum penalty of 240 months.

In his sentencing memorandum, Mayfield for the first time contested the statutory minimum of 240 months. He argued that when he committed the Arizona drug paraphernalia offense in 2002, the state law did not authorize imprisonment as a punishment. Therefore, he explained, the crime could not be a prior "felony drug offense" resulting in enhanced punishment under 21 U.S.C. § 841(b)(1)(A) (2012), because it was not punishable by imprisonment for more than one year. *See* 21 U.S.C. § 802(44). Mayfield asserts that his sister, a non-lawyer who researched the point, alerted him and his attorney to the issue.

-3-

At the sentencing hearing, the government acknowledged that the Arizona conviction did not qualify as one for a felony drug offense, and withdrew the notice of enhanced punishment under § 851. The district court then arrived at an advisory guideline range of 235 to 293 months' imprisonment, and sentenced Mayfield to 240 months on the three drug trafficking counts, to be served concurrently with a 120-month sentence for the firearms count. During his allocution, Mayfield asserted that he had "wanted to take a plea," but had declined to do so because the government's offer was premised on the mistaken statutory minimum penalty of 240 months.

Mayfield appealed his conviction, and this court affirmed the judgment. *United States v. Mayfield*, 678 F. App'x 437 (8th Cir. 2017) (per curiam). Mayfield then sought relief under § 2255, arguing among other things that his attorney was ineffective for failing to challenge the § 851 enhancement or to ascertain that it was inapplicable. The district court denied the motion without an evidentiary hearing, but the court did not address whether counsel was ineffective in his advice to Mayfield during plea negotiations. Instead, the court concluded that counsel was not ineffective in declining to challenge the § 851 enhancement before trial because such a challenge would have been premature. As to the plea negotiations, the court ruled that "Mayfield's contention that defense counsel did not attempt to negotiate a plea agreement is contradicted by the record."

II.

Under § 2255, judgment on the pleadings is warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Where an evidentiary record is necessary to rule on the prisoner's claim, however, the district court must convene a hearing. *Id*. We review the district court's legal conclusions *de novo* and any findings of fact for clear error. *Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017).

To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel's performance was deficient, and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the first element, "we consider counsel's performance objectively and gauge whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690.

Mayfield argues that his attorney's performance was constitutionally deficient because counsel advised Mayfield to decline a plea offer based on a sentencing enhancement that any reasonable counsel should have known was inapplicable. The district court did not address this contention, but we believe that Mayfield fairly raised it. Mayfield's motion states: "My attorney did not know federal law so he thought I qualified for the 851 enhancement. My attorney did not know federal law and did not advise me in the proper way. . . . At my attorney's advice I was told to take it to trial because I had nothing to lose as I would not get anything less than 20 years." R. Doc. 205, at 4. In response to the government's opposition, Mayfield further explained: "The government is saying that I claim that my attorney was ineffective because he did not file a pretrial motion to have my 8:51 enhancement dropped. This is not my claim. My attorney was ineffective because he did not know I did not qualify for the 8:51." R. Doc. 215, at 1. Mayfield renews this contention on appeal.

The Sixth Amendment right to effective assistance of counsel includes representation during the plea bargaining process. *Missouri v. Frye*, 566 U.S. 134, 143-47 (2012). "[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel."

*Padilla v. Kentucky*, 559 U.S. 356, 373 (2010). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). Effective assistance requires the provision of reasonably informed advice on material issues. "An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (per curiam). This court, for example, upheld a finding that counsel was not professionally reasonable in advising a client to plead guilty based on a mistaken understanding about parole, where "[m]inimal research would have alerted counsel to the correct parole eligibility date." *Garmon v. Lockhart*, 938 F.2d 120, 121 (8th Cir. 1991).

The record at this juncture does not conclusively refute Mayfield's claim, and it lends some support to his argument. At Mayfield's sentencing hearing, defense counsel implied that his advice during plea discussions had assumed a statutory minimum punishment of twenty years, due to Mayfield's prior conviction and the government's notice of enhanced punishment under § 851. Counsel explained that "there was no reason for [Mayfield] to enter into a plea agreement because he was looking at 20 years no matter what."

If that was counsel's advice, then it was not professionally reasonable. Rudimentary research would have revealed that the twenty-year minimum did not apply, because the prior conviction noticed by the government did not qualify as a conviction for a "felony drug offense" under federal law. The § 851 notice included Mayfield's Arizona criminal case number. The online docket for that case number produces a judgment showing that Mayfield was prosecuted for possession of drug paraphernalia under Arizona Revised Statutes § 13-3415 and sentenced under § 13-901.01(A). The version of § 13-901.01(A) that applied when Mayfield committed the offense prohibited incarceration: "The court shall suspend the imposition or

-6-

execution of sentence and place such person on probation." A.R.S. § 13-901.01(A) (2001). Although the plain language of § 13-901.01(A) referred only to cases involving possession of a "controlled substance," the Supreme Court of Arizona held in 2001 that it also encompassed possession of drug paraphernalia associated solely with personal use. *State v. Estrada*, 34 P.3d 356, 361 (Ariz. 2001). A judgment citing § 13-901.01(A) in a drug paraphernalia case should have prompted professionally reasonable counsel to locate *Estrada* if necessary to resolve any ambiguity. And because the federal definition of "felony drug offense" required an offense punishable by more than one year, 21 U.S.C. § 802(44), Mayfield's offense in Arizona did not qualify. All of these sources were readily available public documents that professionally reasonable counsel is expected to consider. *See Rompilla v. Beard*, 545 U.S. 374, 384 (2005).

The government suggests that Arizona law was "confusing" because the statute was amended shortly after Mayfield's offense to permit a penalty of imprisonment in certain circumstances. *See* A.R.S. § 13-901.01(E) (2002). This is not a situation, however, where the law was unsettled or debatable, in which case professionally reasonable counsel is not expected to anticipate developments in the law or to raise issues unsupported by existing precedent. *E.g.*, *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002). That the statute was amended simply meant that counsel's basic research had to include tracing the history of the statute and matching the correct version to Mayfield's prior offense. That the prosecutor made the same mistake would not demonstrate professional reasonableness.[*]

---

[*]Mayfield also argues that counsel performed deficiently because he was ignorant of the potential for a sentence reduction under 18 U.S.C. § 3553(e). Mayfield did not raise this claim in the district court, and it is therefore waived.

-7-

If a developed record establishes that counsel's performance was deficient, then the district court should consider whether Mayfield suffered prejudice as a result of counsel's flawed advice. Where a movant asserts that counsel's deficient performance led the defendant to reject a favorable plea offer and proceed to trial,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 566 U.S. at 164.

The record is not developed on the question of prejudice. Mayfield advances a *post hoc* assertion that he would have accepted a plea agreement on the terms outlined in the prosecutor's e-mail of February 2016 if he had known that the twenty-year statutory minimum did not apply. But whether there is a reasonable probability that he would have done so is a fact-dependent issue that requires consideration of factors that would have affected Mayfield's decisionmaking, and any "contemporaneous evidence to substantiate [the] defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). In this case, for example, the government's offer projected an advisory guideline range of 210 to 262 months' imprisonment with a three-level reduction for acceptance of responsibility, but a range of 235 to 293 months' imprisonment if the government elected not to move for a third level under USSG § 3E1.1(b). There was uncertainty about the advisory guideline range, and Mayfield would have made his decision in that context. (The district court later calculated a base offense level of 32, two levels lower than the government's estimate of level 34 in the plea offer, after finding that the drug quantity

-8-

of 4.9896 kilograms fell just below a threshold of 5 kilograms for level 34. *See* R. Doc. 194, at 7, ¶ 17.).

To resolve the issue of prejudice, therefore, the district court would have to make findings about what likely would have transpired in February 2016 under a counterfactual scenario in which defense counsel recognized that the twenty-year statutory minimum did not apply and so advised Mayfield. If Mayfield demonstrates a reasonable probability that he would have accepted the plea offer of February 10 with effective assistance of counsel, and that the ultimate disposition would have been more favorable to him in that scenario, then the court has discretion "to require the prosecution to reoffer the plea proposal," and to fashion an appropriate sentence if the plea agreement is accepted by the parties and the court. *Lafler*, 566 U.S. at 171.

\*     \*     \*

For these reasons, the record does not conclusively show that Mayfield is entitled to no relief under § 2255. We therefore vacate the district court's order denying the motion, and remand for further proceedings.

_____