# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3168

_____

United States of America

*Plaintiff - Appellee*

v.

Dylan Jerelle Pettyjohn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 19, 2025
Filed: December 10, 2025

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

A federal jury convicted Dylan Pettyjohn of possession of methamphetamine with intent to distribute, possession of a mixture and substance containing fentanyl with intent to distribute, possession of a firearm in furtherance of a drug trafficking

crime, and possession of a firearm as a felon. The district court[1] sentenced him to 300 months' imprisonment, followed by five years of supervised release. Pettyjohn now appeals. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On May 5, 2023, a Des Moines, Iowa police officer tried to stop Dylan Pettyjohn for not having license plates or a temporary registration on his vehicle; Pettyjohn responded by leading the officer on a car chase through a local residential neighborhood. After reaching speeds of over fifty miles per hour and running three stop signs, Pettyjohn hit a curb and stop sign. His vehicle coasted to a stop.

Pettyjohn then fled his vehicle on foot; while doing so, he threw away a loaded revolver and dropped a black fanny pack from around his waist. The officer later arrested Pettyjohn and recovered the gun and the fanny pack, which contained 54 fentanyl pills, $389 in small bills, a small amount of marijuana, and four bags of methamphetamine amounting to about 85 grams. In Pettyjohn's vehicle, the police found a digital scale with white residue, a bag of marijuana, and a cigar package containing two shell casings from the revolver.

A federal grand jury charged Pettyjohn with possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), possession with intent to distribute a mixture and substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

Pettyjohn moved to dismiss the felon in possession charge, arguing that the statute it arose under, 18 U.S.C. § 922(g)(1), violated the Second Amendment. The district court, noting that this Court's precedent squarely foreclosed such a challenge, denied the motion. Pettyjohn then chose to testify at trial, and he moved in limine to exclude evidence of his seven prior felony convictions. Over his objection, the district court stated that it would likely allow the Government to offer several of these convictions for impeachment. Pettyjohn and the Government then agreed that the Government could mention that he had five prior felony convictions but could only name two of them; Pettyjohn also reserved his right to appeal the district court's initial decision. The district court noted that this arrangement struck an appropriate balance under Federal Rule of Evidence 609, and it agreed to give a limiting instruction to the jury.

At trial, the Government adhered closely to its agreement with Pettyjohn. During cross-examination, the Government asked him whether he had ever sold drugs in the past, whether he had five prior felony convictions, and whether one of these convictions was for possession of a controlled substance with intent to distribute. It did not inquire further into any of these prior convictions.

Pettyjohn moved for a judgment of acquittal after the Government's case in chief and again at the close of evidence, asserting both times that the evidence was insufficient for a jury to find him guilty beyond a reasonable doubt. The district court denied both motions, finding that the evidence was sufficient to allow the jury to determine that the Government proved its case beyond a reasonable doubt.

The jury convicted Pettyjohn on all counts. Pettyjohn moved again for a judgment of acquittal or, in the alternative, for a new trial. The district court denied the motion and sentenced him to 300 months' imprisonment.

II.

Pettyjohn first argues that the district court erred in denying his motion for acquittal because the evidence at trial was insufficient to support his convictions for possession with intent to distribute. Although he does not dispute that he knowingly possessed the drugs found on him, he argues that the Government's evidence was just as consistent with simple possession as it was with distribution.

"We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Atkins, 52 F.4th 745, 751 (8th Cir. 2022) (citation omitted). "We will affirm the verdict unless 'no reasonable jury could have found [Pettyjohn] guilty beyond a reasonable doubt.'" Id. at 751-52 (citation omitted).

Here, the evidence was sufficient to convict Pettyjohn on both counts of possession with intent to distribute. For one thing, Pettyjohn was caught with a large quantity of drugs in his possession—around 85 grams of methamphetamine and 54 fentanyl pills. See United States v. Serrano-Lopez, 366 F.3d 628, 635 (8th Cir. 2004) ("A large quantity of drugs, standing alone, is sufficient evidence of . . . intent to distribute."). A Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) agent testified that a normal dose of methamphetamine is one-tenth of a gram and that possessing more than 14 grams of methamphetamine or 50 fentanyl pills at a time is consistent with drug dealing rather than personal use. We have affirmed convictions based on amounts far smaller than these. See, e.g., United States v. Vega, 676 F.3d 708, 721 (8th Cir. 2012) (affirming a conviction for possession with intent to distribute where the defendant was caught with 8.6 grams of methamphetamine).

Other evidence also supports Pettyjohn's conviction. Pettyjohn had a digital scale with white residue in his vehicle, and he was carrying a firearm and a fanny pack with a large wad of cash. See, e.g., United States v. Schubel, 912 F.2d 952, 956 (8th Cir. 1990) (noting that the presence of scales, firearms, and large sums of

cash are "all circumstantial evidence of intent to distribute"). His drugs were also organized into small baggies, which was consistent with drug distribution. See, e.g., Brooks v. United States, 772 F.3d 1122, 1123-24 (8th Cir. 2014) (noting that the presence of baggies in a defendant's vehicle "suggest[s] an intent to distribute"). Thus, viewing the evidence in the light most favorable to the Government, we hold that sufficient evidence exists to sustain the jury's verdict and that the district court did not err in denying the motion for judgment of acquittal.

## III.

Pettyjohn next claims that the district court erred when it permitted the Government to ask him about his 2018 conviction for possession with intent to distribute and to ask him whether he had ever sold drugs before. According to Pettyjohn, the Government brought up his past drug dealing activity solely to prove that he had a propensity for distributing drugs and was thus more likely to be guilty here. Pettyjohn argues that this propensity inference was impermissible under Federal Rule of Evidence 404(b)(1), and thus the district court should not have allowed the Government to ask these questions.

"Evidentiary rulings are reviewed for abuse of discretion." United States v. Schave, 55 F.4th 671, 677 (8th Cir. 2022). Federal Rule of Evidence 609 governs the admissibility of prior criminal convictions used for impeachment purposes. Under Rule 609(a)(1)(B), a crime punishable by more than one year in prison "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Alternatively, under Federal Rule of Evidence 404(b)(2), a conviction may be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

The district court did not abuse its discretion in admitting evidence of Pettyjohn's 2018 conviction. Generally, "prior convictions are highly probative of credibility 'because . . . one who has transgressed society's norms by committing a

felony is less likely than most to be deterred from lying under oath.'" United States v. Collier, 527 F.3d 695, 700 (8th Cir. 2008) (citation omitted). Here, since Pettyjohn's defense at trial was that he only had drugs for personal use rather than distribution (and so testified), his prior conviction undermined his credibility. See Russell v. Anderson, 966 F.3d 711, 727 (8th Cir. 2020) (noting that a witness undermines his credibility when he makes a claim "in the face of contradictory evidence"). The conviction also spoke to Pettyjohn's knowledge and intent to distribute drugs. See Fed. R. Evid. 404(b)(2); United States v. Frazier, 280 F.3d 835, 847 (8th Cir. 2002) ("We have held on numerous occasions that a prior conviction for distributing drugs . . . [is] relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs.").

While Pettyjohn's 2018 conviction was highly probative of his credibility, it was not unduly prejudicial. See Fed. R. Evid. 609(a)(1)(B). Pettyjohn had already stipulated prior to cross-examination that he had a felony conviction, and on redirect he was able to tell his side of the story regarding the conviction. The Government did not discuss the conviction beyond asking Pettyjohn to confirm its existence, Collier, 527 F.3d at 700 (finding no substantial prejudice where "the government elicited little beyond the fact and nature of the conviction"), and the district court gave a limiting instruction to the jury, United States v. Weber, 987 F.3d 789, 793-94 (8th Cir. 2021) ("[T]he potential for unfair prejudice [is] greatly reduced where . . . the district court g[ives] a limiting instruction."). Additionally, Pettyjohn himself had negotiated at the pretrial hearing that the Government could mention the conviction in a limited manner. Thus, the district court did not abuse its discretion in finding that the prior conviction's probative value outweighed its prejudicial effect and admitting it under Rule 609(a)(1)(B).

The district court also did not abuse its discretion in allowing the Government to ask Pettyjohn whether he had ever sold drugs. Like Pettyjohn's prior conviction for possession with intent to distribute, this question was relevant to establishing his knowledge and intent to distribute drugs. See Fed. R. Evid. 404(b)(2).

## IV.

Lastly, Pettyjohn contends that the district court erred in denying his motion to dismiss the felon in possession charge, since, according to him, § 922(g)(1) is unconstitutional on its face and as applied to his case.  We review a district court's denial of a motion to dismiss de novo.  United States v. Cooke, 853 F.3d 464, 470 (8th Cir. 2017).

Here, Pettyjohn makes no specific arguments on the issue, and he concedes that this Court's precedent forecloses his challenge.  We agree.  See United States v. Jackson, 110 F.4th 1120, 1125, 1127 (8th Cir. 2024) (holding that § 922(g)(1) is constitutional and that "there is no need for felony-by-felony litigation regarding [its] constitutionality").

## V.

For the foregoing reasons, we affirm the judgment of the district court.

_____