GRUENDER, Circuit Judge.
A jury found Sherman Meirovitz guilty of conspiracy to distribute cocaine and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. United States v. Meirovitz, 918 F.2d 1376, 1377 (8th Cir.1990). The presentence report classified Meirovitz as a career offender with a sentencing guidelines range of 360 months to life, and a district court sentenced him to life in prison without parole. On direct appeal, we affirmed Meirovitz’s conviction and sentence. Id. In 2010, Meirovitz brought a motion under 28 U.S.C. § 2255, arguing that, pursuant to Johnson v. United States, 559 U.S.-, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), his conviction for manslaughter in the second degree under Minnesota Statute section 609.205, which contributed to his classification as a “career offender” under U.S.S.G. § 4B1.1, is not a crime of violence. The district court[1] denied Meirovitz’s motion, and Meirovitz now appeals. We affirm for the reasons that follow.
The remedy provided by § 2255 “does not encompass all claimed errors in conviction and sentencing.” Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). A federal prisoner may file a § 2255 motion if he claims that “the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.” Id. (quoting § 2255(a)). An error of law provides a basis for collateral attack only when “the claimed error constitute^] a *371 fundamental defect which inherently results in a complete miscarriage of justice.” Id. (quoting Addonizio, 442 U.S. at 185, 99 S.Ct. 2235) (internal quotation marks omitted). Meirovitz does not contend that his sentence exceeds the statutory maximum or that the sentencing court lacked jurisdiction. Furthermore, Meirovitz’s opening brief does not allege that his sentence violates the Constitution.[2]
The present matter is closely analogous to this court’s en banc decision in Sun Bear. There, the district court sentenced Marlon Dale Sun Bear to 360 months’ imprisonment based on a guidelines range of 360 months to life in prison. Id. at 702. This guidelines range resulted from a career-offender enhancement, with Sun Bear’s pre-enhancement range set at 292 to 365 months. Id. Sun Bear submitted a § 2255 motion “alleging that the career offender determination violated Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 [ (2008) ].” Id. at 702. This court noted “that ordinary questions of guideline interpretation falling short of the ‘miscarriage of justice’ standard do not present a proper section 2255 claim,” id. at 704 (quoting Auman v. United States, 67 F.3d 157, 161 (8th Cir.1995)), and concluded that “Sun Bear’s collateral attack on an application of the career offender guidelines provisions is not cognizable under § 2255,” id. We observed that Sun Bear’s 360-month sentence was “well-within the statutory maximum authorized” for his crime of conviction, was within the pre-enhancement guidelines range, and “could be reimposed were Sun Bear granted the § 2255 relief he requests,” and concluded that these facts were sufficient to establish that the alleged error in ealculating the guidelines range did not amount to a miscarriage of justice. Id. at 705.
In this case, Meirovitz’s life sentence does not exceed the statutory maximum. Additionally, Meirovitz’s attorney conceded during oral argument that the sentencing guidelines range of 360 months to life under which Meirovitz received his sentence is identical to the guidelines range that would have applied absent the career-offender enhancement. Thus, as in Sun Bear, Meirovitz’s sentence does not exceed the statutory maximum, is within the pre-enhancement guidelines range, and could be reimposed even if we were to adopt Meirovitz’s position that he is not a “career offender.”
Meirovitz attempts to distinguish Sun Bear by noting that Sun Bear’s sentence was below the maximum statutory sentence while Meirovitz’s sentence is the maximum sentence allowable. While the Sun Bear court noted that Sun Bear’s sentence was “well-within the statutory maximum,” id. at 705, the court’s rationale remains applicable to cases in which a district court imposes the maximum sentence permitted by statute, see id. at 706 (stating the “basic principle that, in sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law”).
Additionally, Meirovitz suggests that Sun Bear is inapplicable because a sentence involving “the loss of liberty for the rest of his life” constitutes a miscarriage of justice in a way that certain excessive term-of-years sentences do not. Although we recognize that life sentences are typically more punitive than term-of-years sentences, the facts noted in Sun Bear— *372 that the sentence did not exceed the statutory maximum, would have remained within guidelines range even if the career-offender enhancement did not apply, and could be reimposed even if § 2255 relief were granted — are unaffected.
Because Sun Bear dictates that Meirovitz’s motion under § 2255 is not cognizable, we affirm.[3]

. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

. To the extent Meirovitz’s reply brief argues that his sentence violates the Eighth Amendment, we decline to consider the argument. See United States v. Barraza, 576 F.3d 798, 806 n. 2 (8th Cir.2009) (“Arguments raised for the first time in a Reply Brief need not be addressed.”).

. Meirovitz's brief asserts tangentially that this court should remand the case to the district court to reconsider the "questionable finding of an organizer role under [U.S.S.G. § ] 3B1.1(a).” Meirovitz, however, did not explain in his opening brief why this issue can be addressed in this collateral proceeding. See Anderson v. United States, 25 F.3d 704, 706 (8th Cir.1994) ("A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not.”). Additionally, Meirovitz’s counsel conceded during oral argument that the question of whether the sentencing court properly applied the organizer-role enhancement to Meirovitz is not properly before this court.