# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2013

Lyle W. Cayce
Clerk

————

No. 12-60665

————

JOSUE IBARRA-GONZALEZ, also known as Josue Ibarra,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

————————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 724 594

————————————

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:[1]

Josue Ibarra-Gonzalez, a native and citizen of Mexico, was ordered removed from the United States in 2003 because he had been convicted of an assault that constituted an aggravated felony and a crime of domestic violence. In 2012, having illegally reentered, he filed a motion to reopen his prior removal proceedings. Based on *United States v. Villegas-Hernandez*, 468 F.3d 874, 878-80 (5th Cir. 2006), he argued that he had been wrongly deported because his offense was not a crime of violence and did not constitute an aggravated felony or a crime of domestic violence. Ibarra-Gonzalez now seeks review of the Board of Immigration Appeals' (BIA) order

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying his motion as both untimely filed and barred because it was filed after he was deported from the United States.

Ibarra-Gonzalez contends that the BIA should have equitably tolled the period for filing his motion to reopen or *sua sponte* reopened his case because he was unaware of *Villegas-Hernandez* at the time it was decided and, upon hiring an attorney, was advised to first challenge his assault conviction via a state writ of habeas corpus. However, we lack jurisdiction to review the BIA's denial of a request to *sua sponte* reopen immigration proceedings. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008). Although Ibarra-Gonzalez asserts that a motion to reopen immigration proceedings is reviewable by this court pursuant to *Kucana v. Holder*, 558 U.S. 233, 130 S. Ct. 827, 175 L. Ed. 2d 694 (2010), Ibarra-Gonzalez's argument overstates the holding in *Kucana*. The Supreme Court concluded in *Kucana* that the jurisdiction-stripping provisions found in 8 U.S.C. §§ 1252(a)(2)(B)(i), (ii) do not apply to agency decisions made discretionary by regulation. *Id.* at 252. However, the Supreme Court clarified that it "express[ed] no opinion on whether federal courts may review the [BIA]'s decision not to reopen removal proceedings *sua sponte*." *Id.* at 251, n.18 ("Courts of Appeals have held that such decisions are unreviewable because *sua sponte* reopening is committed to agency discretion by law . . . ."). The BIA's decision not to reopen *sua sponte* is an unreviewable discretionary decision, and nine of our sister circuits are in accord with this holding. *See Anaya-Aguilar v. Holder*, 683 F.3d 369, 371-72 (7th Cir. 2012) (citing to eight circuits that have held since *Kucana* that failure to reopen *sua sponte* is not a reviewable decision and joining them in finding the same).

We also lack jurisdiction to review the BIA's denial of a request for equitable tolling to the extent it is based on a claim of ineffective assistance of counsel. *See Bonilla*, 543 F.3d at 220. To the extent we do have jurisdiction to review the BIA's denial of equitable tolling, Ibarra-Gonzalez has not shown

an abuse of discretion. He did not exercise the type of due diligence in bringing his claims that would warrant equitable tolling.

For the first time in his petition for review, Ibarra-Gonzalez argues that the BIA should have treated his motion as timely filed because he submitted it within a reasonable time after he became aware of *Villegas-Hernandez* and he was challenging the BIA's jurisdiction, which may be raised at any time. Also Ibarra-Gonzalez argues that the BIA should have equitably tolled the time for filing his motion because he was denied the effective assistance of counsel during his initial immigration proceedings. Because Ibarra-Gonzalez did not exhaust his administrative remedies with regard to those claims, we lack jurisdiction to review them. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

As Ibarra-Gonzalez's motion to reopen was properly dismissed as untimely, we need not address the BIA's alternative determination that it lacked jurisdiction to consider the motion because it was filed after Ibarra-Gonzalez was deported from the United States. *Cf. Garcia-Carias v. Holder*, 697 F.3d 257 (5th Cir. 2012) (holding that departure regulation 8 C.F.R. § 1003.2(d) cannot be applied to statutorily authorized motions to reopen).

**PETITION DISMISSED IN PART AND DENIED IN PART.**