# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3629

_____

Dale Scott Olten, Sr.

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: March 5, 2014
Filed: May 15, 2014
[Unpublished]

_____

Before WOLLMAN, SHEPHERD and KELLY, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the Supreme Court of the United States. See Olten v. United States, 134 S. Ct. 639 (2013). The Supreme Court granted certiorari, vacated this court's order denying a certificate of appealability, see Olten v. United States, No. 12-2629 (Mar. 15, 2013), and remanded the case for further

consideration in light of Descamps v. United States, 133 S. Ct. 2276 (2013).  After further consideration, we again deny a certificate of appealablity in this case.

I.

Dale Scott Olten, Sr., was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).  He was sentenced as an armed career criminal (ACC) under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (person who violates section 922(g) and has three previous convictions for violent felony, serious drug offense, or both, committed on occasions different from one another is subject to minimum 15-year prison term).  He did not challenge the ACC determination on direct appeal.  In a 28 U.S.C. § 2255 motion, however, he claimed that he received ineffective assistance of counsel in the district court and on appeal, and that he was sentenced above the applicable statutory maximum, because his sentence under section 924(e) was based in part on two prior burglary convictions under California Penal Code § 459 (West 1983)[1] ("Every person who enters [certain types of locations]

_____

[1]The full text of the California Penal Code § 459 in effect when Olten was convicted of burglary in California was:

Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, trailer coach, as defined in Section 635 of the Vehicle Code, any house car, as defined in Section 362 of the Vehicle Code, inhabited camper, as defined in Section 243 of the Vehicle Code, vehicle as defined by the Vehicle Code when the doors of such vehicle are locked, aircraft as defined by the Harbors and Navigation Code, mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary.  As used in this chapter, "inhabited" means currently being used for dwelling purposes, whether occupied or not.

with intent to commit grand or petit larceny or any felony is guilty of burglary."), which he maintained were not violent felonies under section 924(e).

The district court denied the section 2255 motion. The court reviewed the charging documents related to Olten's California burglary convictions, determined that the convictions met the definition of generic burglary, and concluded that they qualified as violent felonies under section 924(e). In so determining, the district court relied on our decision in United States v. Painter, 400 F.3d 1111, 1113-14 (8th Cir. 2005) (definition of burglary in California statute is broader than generic burglary because California statute does not require unlawful or unprivileged entry into building; where information charged equivalent of generic burglary, conviction under California statute was prior violent felony for purposes of section 924(e) as neither plea agreement nor plea colloquy established defendant pleaded guilty to offense that was not generic burglary). This court agreed and denied Olten's request for a certificate of appealability. In November 2013, the Supreme Court granted Olten's petition for a writ of certiorari, vacated our prior judgment, and remanded this matter to us for further consideration in light of its June 2013 decision in Descamps.

II.

Having considered this matter in light of Descamps, we conclude that it is now clear that Olten's two prior California burglary convictions should not have been used to enhance his sentence under the ACCA. See 133 S. Ct. at 2283-93 (holding that sentencing court may not apply modified categorical approach to sentences under section 924(e) when crime of conviction has single, indivisible set of elements; concluding that, because Cal. Penal Code § 459 contained single, indivisible set of elements, sentencing court erred when it looked at supporting documents to determine

---

Cal. Penal Code § 459 (West 1983).

-3-

if appellant's burglaries were violent felonies under ACCA; noting that conviction under Cal. Penal Code § 459 was "never for generic burglary").

Although the ACCA should not have been applied to Olten's sentence, it does not follow that Olten is necessarily entitled to relief under section 2255. In his section 2255 motion, Olten claims (1) that he received ineffective assistance of counsel in connection with the determination that his California burglary convictions were violent felonies under section 924(e), and (2) that his sentence exceeded the statutory maximum that would have applied had he been correctly sentenced without the ACCA enhancement. Ineffective assistance of counsel and receiving a sentence that exceeds the maximum allowed by law are two grounds upon which relief may be granted under section 2255. See 28 U.S.C. § 2255(a) (prisoner in custody may move the sentencing court to vacate, set aside, or correct sentence imposed in violation of the Constitution or laws of the United States or in excess of the maximum authorized by law).

We first consider whether Olten's counsel provided ineffective assistance in not objecting to the classification of Olten's California burglary convictions as violent felonies under section 924(e). At the time Olten was sentenced, the law in this circuit was settled that if the defendant was previously convicted of burglary in California and the charging document established that the conviction was for a generic burglary, the conviction could be considered a prior violent felony for purposes of the ACCA. See Painter, 400 F.3d at 1113-14. Thus, any objection by counsel at sentencing that Olten's California burglary convictions were not crimes of violence would have been futile, and we therefore conclude that counsel could not be considered ineffective for failing to so object. See Hamberg v. United States, 675 F.3d 1170, 1173 (8th Cir. 2012) (counsel not ineffective for failing to object to correct application of settled law within circuit); cf. Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) (counsel not ineffective for failing to make "Apprendi-type" argument prior to Apprendi); Fields v. United States, 201 F.3d 1025, 1027 (8th Cir.

2000) (counsel not ineffective for failing to raise claim on issue where there is split of authority among circuits, but no Eighth Circuit or Supreme Court law on subject); Wadja v. United States, 64 F.3d 385, 388 (8th Cir. 1995) (counsel not ineffective for failing to predict future developments in law).

We next turn to Olten's claim that his sentence on the felon-in-possession conviction exceeded the applicable statutory maximum. We first note that, even though Olten did not raise this claim on direct appeal, he is not foreclosed from raising it under section 2255. See 28 U.S.C. § 2255 (prisoner may raise claim that sentence "was in excess of the maximum authorized by law" in motion to vacate); cf. Ackerland v. United States, 633 F.3d 698, 702 (8th Cir. 2011) (our cases establish that otherwise valid waiver of appeal or postconviction rights does not prevent defendant from attacking illegal sentence); United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993) (per curiam) (while defendant procedurally defaulted Guidelines claim by failing to raise it on direct appeal, his claim that supervised release was in excess of statutory maximum was not defaulted because section 2255 expressly makes relief available for sentence in excess of maximum authorized, and illegal sentence is manifest injustice). However, we further conclude that—for the following reasons—Olten is not entitled to relief from his sentence on this claim, even after Descamps.

The district court sentenced Olten to 235 months imprisonment on the felon in possession of a firearm offense by treating Olten as an ACC. The court imposed a concurrent 120-month sentence on the possession of a stolen firearm offense. At sentencing, the court expressly stated that it was sentencing Olten at the top of his advisory Guidelines imprisonment range of 188-235 months because it viewed the facts as extreme and believed a longer sentence was appropriate due to the threat he posed to the community. We conclude that—even though Olten's prior California burglary convictions should not have been used to enhance his sentence under the ACCA, and the 235-month prison term on the felon-in-possession count alone

-5-

exceeded the 10-year statutory maximum for that count, see 18 U.S.C. § 924(a)(2)—the same 235-month sentence "could be reimposed were [Olten] granted the § 2255 relief he requests" by imposing consecutive terms of imprisonment for the two counts of conviction under 18 U.S.C. § 3584. See Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) ("An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority."). Hence, Olten is not entitled to relief on his section 2255 motion. Cf. United States v. Bossany, 678 F.3d 603, 606-607 (8th Cir. 2012) (noting illegal sentence alone does not establish prejudice necessary for plain-error relief; holding district court's error in imposing 90-month sentence for conspiracy, which exceeded 60-month statutory maximum, did not affect defendant's substantial rights because defendant was sentenced to 90 months on companion conviction with 240-month statutory maximum); United States v. Diaz, 296 F.3d 680, 682-85 (8th Cir. 2002) (en banc) (applying plain-error review standard in criminal case on direct appeal; holding that, where defendants were each convicted on multiple counts involving multiple offenses, their "substantial rights" were not affected even though their respective sentences for one particular offense "exceeded the . . . statutory maximum" for that offense; reasoning that, "[b]ecause § 5G1.2(d) mandates consecutive sentences in those cases in which the total punishment exceeds the statutory maximum for any one count and the district court's calculation of total punishment is not affected by [the error in question]," remanding case to district court "would be an idle act").

## III.

Accordingly, we again deny Olten's request for a certificate of appealability.

KELLY, Circuit Judge, concurring.

I concur in the judgment of this case because we are bound by Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011) (en banc). I write separately, however,

to express concern that we are denying relief based on the sentence a district court hypothetically could—rather than did—impose on Dale Olten. The court correctly points out that even absent ACC status, the district court could still sentence Olten to a *total* sentence of 235 months by imposing consecutive terms of imprisonment for his two convictions. In doing so, neither term would exceed the 10-year statutory maximum. At the time of the original sentencing, however, a 235-month sentence was within the statutory maximum sentence for the ACC-enhanced felon-in-possession conviction alone; and the sentences were run concurrently. While we generally give great deference to district courts in imposing sentences, as they are in the superior position to make "individualized assessment[s] based on the facts presented," see, e.g., Gall v. United States, 552 U.S. 38, 50–52 (2007), here we are content with speculating what the court might do upon resentencing based solely on what it could do under its statutory authority. As has been said previously, I believe this approach "promotes finality at the expense of justice." Sun Bear, 644 F.3d at 707 (Melloy, J., dissenting); see also Meirovitz v. United States, 688 F.3d 369, 373 (8th Cir. 2012) (Bright, J., concurring) ("The statutory-maximum sentence cannot be the only touchstone for whether or not a miscarriage of justice has occurred at sentencing." (citing Narvaez v. United States, 674 F.3d 621, 629–30 (7th Cir. 2011)). Olten should not have been placed in the same category as others correctly classified as ACC, and consequently, deserves to be resentenced. See Meirovitz, 688 F.3d at 373 (Bright, J., concurring) (describing the danger in erroneously classifying an individual as a career offender, even if absent the classification the sentencing guideline range remains the same).

_____