KELLY, Circuit Judge,
concurring.
I concur in the judgment of this case because we are bound by Sun Bear v. United States, 644 F.3d 700 (8th Cir.2011) (en banc). I write separately, however, to express concern that we are denying relief based on the sentence a district court hypothetically could — rather than did — impose on Dale Olten. The court correctly points out that even absent ACC status, the district court could still sentence Olten to a total sentence of 235 months by imposing consecutive terms of imprisonment for his two convictions. In doing so, neither term would exceed the 10-year statutory maximum. At the time of the original sentencing, however, a 235-month sentence was within the statutory maximum sentence for the ACC-enhanced felon-in-possession conviction alone; and the sentences were run concurrently. While we generally give great deference to district courts in imposing sentences, as they are in the superior position to make “individualized assessments] based on the facts presented,” see, e.g., Gall v. United States, 552 U.S. 38, 50-52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), here we are content with speculating what the court might do upon resentencing based solely on what it could do under its statutory authority. As has been said previously, I believe this approach “promotes finality at the expense of justice.” Sun Bear, 644 F.3d at 707 (Melloy, J., dissenting); see also Meirovitz v. United States, 688 F.3d 369, 373 (8th Cir.2012) (Bright, J., concurring) (“The statutory-maximum sentence cannot be the only touchstone for whether or not a miscarriage of justice has occurred at sentencing.” (citing Narvaez v. United States, 674 F.3d 621, 629-30 (7th Cir.2011))). Olten should not have been placed in the same category as others correctly classified as ACC, and consequently, deserves to be resentenced. See Meirovitz, 688 F.3d at 373 (Bright, J., concurring) (describing the danger in erroneously classifying an individual as a career offender, even if absent the classification the sentencing guideline range remains the same).