# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60742
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2014

Lyle W. Cayce
Clerk

SERGIO IBARRA-AMAYA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A041 776 122

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sergio Ibarra-Amaya (Ibarra) is a native and citizen of Mexico and has petitioned for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings as untimely. Ibarra filed a motion to reopen based on an application for protection under the Convention Against Torture (CAT) and asserting changed country conditions in Mexico. Ibarra contended, in his motion to reopen, that, if returned to Mexico, it was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

more likely than not that he would be tortured generally on account of his membership in the Ibarra family due to a family land feud that dated back to the 1960's.  In support thereof, he pointed out that several of his family members had been kidnapped or killed in more recent years.  The BIA denied the motion, finding that Ibarra had failed to establish a prima facie showing that it was more likely than not that Ibarra would be tortured with acquiescence of the government if returned to Mexico.

Motions to reopen are disfavored, *see Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000), and we review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard."  *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).  The BIA's ruling will stand, even if we conclude that it is erroneous, so long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Id.* at 304 (internal quotation marks and citation omitted).  In determining whether an alien is entitled to protection under the CAT, all evidence relevant to the possibility of future torture in the proposed country of removal shall be considered, including, but not limited to: past torture inflicted upon the applicant; evidence that the applicant could relocate to another part of the country of removal where he not likely to be tortured; gross, flagrant, or mass violations of human rights; and other relevant information regarding conditions in the country of deportation.  8 C.F.R. § 208.16(c)(3).

Ibarra has not shown that the BIA abused its discretion in holding that he had failed to make a prima facie case for a grant of relief under the CAT.  *See Zhao*, 404 F.3d at 303.  The evidence showed that Ibarra had not been tortured in the past, though he lived in Mexico, on and off, from the date of his birth in 1963 until he moved to the United States in 1983 and notwithstanding

No. 13-60742

that he contended that his family was being targeted due to the land feud dating back to the 1960's.  Further, it is not controverted that Ibarra's siblings continue to live in Mexico unharmed, and he has not shown that he cannot safely relocate within Mexico.  These factors warrant against finding in favor of CAT relief.  *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004). Finally, Ibarra failed to produce any credible evidence that he is unable to safely relocate to another part of Mexico.  *See Majd v. Gonzales*, 446 F.3d 590, 595-96 (5th Cir. 2006).  The evidence does not compel a finding that it is more likely than not that Ibarra will be targeted for torture on his return to Mexico or that the Mexican government would acquiesce in any such torture.  *See Chen v. Gonzales*, 470 F.3d 1131, 1139-42 (5th Cir. 2006).  The petition for review is denied in part.

Further, Ibarra's assertion that we have jurisdiction to review the BIA's decision to not exercise its sua sponte authority to reopen the immigration proceedings is without merit.  Because the authority to reopen an immigration proceeding sua sponte is entirely discretionary, we lack jurisdiction to review a challenge to the BIA's refusal to do so.  *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008); *see also Ibarra-Gonzalez v. Holder*, 542 F. App'x 341, 341-42 (5th Cir. 2013) (determining that *Kucana v. Holder*, 558 U.S. 233 (2010), does not hold otherwise).  Thus, the petition is dismissed in part for lack of jurisdiction.

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART FOR LACK OF JURISDICTION.