**Frank T. MARTIN, Movant,**

v.

**UNITED STATES of America, Respondent.**

**Case No. 15-00617-CV-W-GAF**
**Crim. No. 10-00299-CR-W-GAF**

United States District Court,
W.D. Missouri, Western Division.

Signed October 20, 2015

Ronna A. Holloman-Hughes, Asst. Fed. Public Defender, Kansas City, MO, for movant.

Catherine A. Connelly, Asst. U.S. Atty., Kansas City, MO, for respondent.

## ORDER

GARY A. FENNER, JUDGE,
UNITED STATES DISTRICT COURT

Presently before the Court is Movant Frank T. Martin's ("Movant") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 1).[1] Respondent United States of America (the "Government") opposes. (Doc. # 5). For the reasons set forth below, Movant's Motion is DENIED.

## DISCUSSION

### I. FACTS

On October 20, 2010, Movant was indicted for three counts of distribution of cocaine (Counts I–III), being a felon in possession of a firearm (Count IV), and for carrying a firearm during and in relation to a drug trafficking offense (Count V). (Case No. 10–00299–CR–W–GAF, Doc. # 1, pp. 2–3). On October 20, 2011, Movant pled guilty to all counts of the Indictment. (*Id.*, Doc. # 37).

Movant's presentence investigation report (the "PSR") was prepared and determined that Movant's sentencing guideline range was between 262 and 327 months. (*Id.*, PSR ¶ 74). This recommendation included a sentencing enhancement for Count IV, because it was determined that

---

1. In his Reply Brief, Movant also moves to amend his Motion to include a request that the Court vacate his entire sentence, instead of just his sentence under Count IV. (Doc. # 6, p. 1). § 2255 motions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with leave of the court. "The court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). Because Movant did not have the assistance of counsel until he filed his Reply Brief, this Court GRANTS Movant's Motion and addresses his argument below.

Movant qualified as a career criminal. (*Id.*, PSR ¶ 31). Movant was considered a career criminal because he previously committed burglary in the second degree, robbery in the first degree, and resisted arrest. (*Id.*, PSR ¶ 22). Movant's sentencing hearing took place on September 17, 2012. (*Id.*, Doc. # 49). Movant was sentenced to 180 months on each of Counts I–IV, with those sentences to run concurrently, and to 60 months under Count V, with that sentence to run consecutively to the other sentences. (*Id.*, Sentencing Transcript ("Sent.Tr.") 5:19–6:9).

## II. LEGAL STANDARD

■ Under 28 U.S.C. § 2255, a movant may collaterally attack his sentence on four grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426–27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (quoting 28 U.S.C. § 2255). Arguments that might warrant reversal on direct appeal do not necessarily support collateral attack. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

## III. ANALYSIS

■ If an individual is found guilty of being a felon in possession of a firearm and "has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act [the "ACCA"] increases his prison term to a minimum of 15 years and a maximum of life." *Johnson v. United States*, —— U.S.

——, 135 S.Ct. 2551, 2555, 192 L.Ed.2d 569 (2015). A violent felony is defined as: any crime punishable by imprisonment for a term exceeding one year, ... that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S.Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2563. Movant argues that his sentence was illegal under the Supreme Court's decision in *Johnson* because his third predicate felony, resisting arrest, fell under the residual clause.[2] (Doc. # 1, p. 4). Thus, Movant argues, his sentence should not have been enhanced under the ACCA. (*Id.*).

■ The Government agrees that "[a]pplying *Johnson* today, it would seem that [Movant] would not be considered an armed career criminal under the residual clause" and accordingly "would not be subject to the enhanced ACCA statutory range of punishment." (Doc. # 5, pp. 7, 8). The Government argues that Movant's Motion should nevertheless be denied because vacating Movant's sentence under Count IV would not impact his sentence. (*Id.* at 8). A § 2255 motion is appropriate where a sentence is illegal, which occurs when the sentence is "imposed without, or in excess of, statutory authority." *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir.2011). The Eighth Circuit has determined that § 2255 relief is inappro-

2. Movant's other two predicate offenses, burglary and robbery, qualify as predicate offenses without the use of the residual clause, and therefore are not affected by the Supreme Court's decision in *Johnson*. *See* 18 U.S.C. § 924(e)(2)(B).

priate where the same sentence "could be reimposed were [the movant] granted the § 2255 relief he requests." *Olten v. United States*, 565 Fed.Appx. 558, 561 (8th Cir.2014).

In *Olten*, the Eighth Circuit determined that the movant's sentence had been improperly enhanced under the ACCA. *Id.* at 560. The movant argued that because of this, his sentence should be vacated. *Id.* The Eighth Circuit disagreed, reasoning that although the movant's sentence on his felon in possession charge was improper, he was also convicted of another charge which could have been imposed consecutively to the movant's felon in possession charge, and resulted in the same sentence. *Id.* at 561. The Court concluded that, as a result, the movant's sentence was not illegal even though relief was denied "based on the sentence a district court hypothetically could—rather than did—impose." *Id.* at 562.

■ Like in *Olten*, Movant's enhanced sentence under Count IV was improper. However, Movant also pled guilty to Counts I–III of his indictment. (Case No. 10–00299–CR–W–GAF, Doc. # 37). Those three counts each carried a statutory penalty range of up to thirty years imprisonment. (*Id.*, PSR ¶ 73). Unlike in *Olten*, no hypothetical sentence is required. This Court sentenced Movant to the exact same sentence, 180 months, on Counts I–III with sentences to run concurrently. (*Id.*, Sent. Tr. 5:19–6:9). Thus, it is even more clear in this case than it was in *Olten* that Movant's sentence is not illegal, as it is not in excess of statutory authority. *See Sun Bear*, 644 F.3d at 705.

■ Movant argues that because his sentence under Count IV was unlawful, the Court should vacate his entire sentence and re-sentence him under all counts. (Doc. # 6, p. 3). Movant accurately states that the Court has "broad and flexible

power in correcting invalid convictions or sentences." *Gardiner v. United States*, 114 F.3d 734, 736 (8th Cir.1997). While this Court may have the power to re-sentence Movant under the other counts, Movant cites no authority, and this Court knows of none, that requires such an action. *Id.* Instead, the law cited by Movant stands for the proposition that when one sentence in a multi-count judgment is rendered invalid, the court may resentence on other related counts as well. *Id.* This is because "a district court's original sentencing intent may be undermined by altering one portion of the calculus.... [O]n remand, the trial court can reconfigure the sentencing plan ... to satisfy the sentencing factors." *Pepper v. United States*, 562 U.S. 476, 507, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) (internal citations and quotations omitted) (second omission in original). In this case, this Court believes that its original sentencing intent is maintained by upholding the sentences of 180 months imposed in Counts I–III. Thus, this Court declines to invalidate Movant's entire sentence and re-sentence him under all counts.

## IV. EVIDENTIARY HEARING AND CERTIFICATE OF APPEALABILITY

■ A movant is not entitled to an evidentiary hearing on a § 2255 motion if the motion and the files and record of the case conclusively show he is entitled to no relief. *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir.2008). No hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007). It is clear, from the above discussion, an evidentiary hearing is not necessary to resolve Movant's claims. Movant's claims fail as a matter of law.

Additionally, a movant can appeal a decision to the Eighth Circuit only if a court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be issued only if a movant can make a substantial showing of a denial of a constitutional right. *Id.* § 2253(c)(2). To meet this standard, a movant must show reasonable jurists could debate whether the issues should have been resolved in a different manner or the issues deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As discussed above, Movant's claims fail as a matter of law, and the merits of his claims are not debatable among jurists or deserving of further proceedings.

## *CONCLUSION*

While Movant's sentence under Count IV was improperly imposed in light of the Supreme Court's opinion in *Johnson,* his sentence as a whole was not illegal because it did not exceed the statutory range. Even without the 180 month sentence under Count IV, Movant was sentenced to three additional, concurrent 180 month sentences under Counts I–III. Thus, Movant fails to demonstrate a basis under § 2255 to set aside, vacate, or correct his sentence. Additionally, this Court declines to use its discretionary power to resentence Movant on his other counts. Further, there is no need for an evidentiary hearing, and no certificate of appealability shall be issued. For these reasons and the reasons set forth above, Movant's Motion is DENIED, no evidentiary hearing is necessary, and no certificate of appealability shall be issued.

**IT IS SO ORDERED.**