# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3078

_____

Robert Keith Cravens,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: January 12, 2018
Filed: July 2, 2018

_____

Before COLLOTON, BENTON, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Robert Keith Cravens sought post-conviction relief on the ground that his 216-month prison sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), was imposed in violation of the Constitution and in excess of the maximum authorized by law. The district court denied relief, but subsequent decisions have established that Cravens did not have three prior convictions that

qualified him for enhanced punishment under the statute. We therefore reverse and remand for the district court to grant relief and resentence Cravens.

Cravens pleaded guilty in 2010 to a two-count indictment. Count Two charged unlawful possession of a firearm by a previously convicted felon, and alleged that enhanced punishment was warranted under the ACCA for a minimum term of 15 years and a maximum of life imprisonment. *See* 18 U.S.C. §§ 922(g)(1), 924(e)(1). The other count charged unlawful possession of a firearm as both a drug user and a felon, in violation of 18 U.S.C. § 922(g)(1) and (3), but did not allege enhanced punishment, so the statutory maximum term was 10 years' imprisonment. *See id.* § 924(a)(2).

A defendant is subject to an enhanced sentence under the ACCA if he has three or more previous convictions for a violent felony or a serious drug offense. *Id.* § 924(e)(1). At Cravens's sentencing, the district court adopted the presentence report and thereby found that Cravens qualified for the enhancement based on three prior convictions: (1) Illinois burglary in 1998, (2) Missouri assault on a law enforcement officer in 2004, and (3) Missouri burglary in 2008.[1] The court sentenced Cravens to 216 months' imprisonment and five years of supervised release under the ACCA, and to a concurrent term of 120 months' imprisonment and three years of supervised release on the other count of conviction.

After the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally

---

[1]The parties suggested in the district court that a 2010 conviction for second-degree domestic assault in Missouri was a fourth predicate offense. The presentence report, however, did not rely on this conviction for the ACCA enhancement, and Cravens was convicted of the domestic assault *after* he committed the offense at issue here, so it would not qualify. *See United States v. Talley*, 16 F.3d 972, 977 (8th Cir. 1994).

vague, Cravens moved to vacate his sentence. 28 U.S.C. § 2255 provides that the court should grant appropriate relief if "the sentence imposed was not authorized by law or otherwise open to collateral attack, or . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). Cravens argued that his convictions for Missouri second-degree burglary and Illinois burglary were not violent felonies under the ACCA in light of *Johnson*. He urged that because he did not have three previous convictions for a violent felony, the district court sentenced him unconstitutionally and in excess of the statutory maximum.

The district court denied relief, concluding that Cravens still had at least three qualifying convictions under the ACCA. We have since held, however, that neither Illinois burglary nor Missouri second-degree burglary are violent felonies under the ACCA. *See United States v. Byas*, 871 F.3d 841, 844 (8th Cir. 2017) (per curiam); *United States v. Naylor*, 887 F.3d 397, 406-07 (8th Cir. 2018) (en banc). We thus conclude—and the government concedes—that Cravens does not have three qualifying prior convictions and was improperly sentenced as an armed career criminal. Cravens's 216-month sentence on Count Two exceeds the 120-month statutory maximum that should have applied under § 924(a)(2).

The government argues, however, that Cravens is not entitled to resentencing, because the district court *could have* imposed the same 216-month sentence by ordering Cravens's sentences on the two counts of conviction to be served consecutively rather than concurrently. In *Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011) (en banc), we relied on a related rationale in denying relief to a movant who argued that he was improperly sentenced as a career offender under the sentencing guidelines, USSG § 4B1.2. *Sun Bear*, 644 F.3d at 704-06. We reasoned that the movant did not have a cognizable claim under § 2255 where "the same 360-month sentence could be reimposed" if the court granted the requested relief. *Id.* at

705. We emphasized, however, that the alleged error under the sentencing guidelines was neither constitutional nor jurisdictional in nature, that "the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited" outside the context of jurisdictional and constitutional errors, *id.* at 704, and that the movant's sentence was well within the statutory maximum term authorized for his offense of conviction. *Id.* at 705.

Unlike the movant in *Sun Bear*, Cravens has established that his sentence was both in excess of the statutory maximum *and* imposed in violation of the Constitution because it was based on the ACCA's unconstitutionally vague residual clause. Cravens's claim of constitutional error is cognizable under § 2255, and he is entitled to relief unless the error was harmless.

A constitutional error is harmless in a post-conviction proceeding if the error did not have "substantial and injurious effect or influence" on the outcome of the proceeding and caused no "actual prejudice" to the defendant. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation marks omitted); *see United States v. Clay*, 720 F.3d 1021, 1026 (8th Cir. 2013) (applying *Brecht* in a § 2255 proceeding). When the record is evenly balanced as to whether a constitutional error had substantial and injurious effect or influence on the outcome, the error is not harmless. *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995).

Although it is true that the district court could have elected to impose a 216-month sentence in the original proceeding by running the two sentences consecutively, we cannot say with fair assurance that the court would have done so. Without the ACCA enhancement, the advisory sentencing guidelines would have recommended a sentencing range of 168 to 210 months' imprisonment, so the court would have been required to depart or vary upward to reach a term of 216 months. The district court never said that it would have imposed the same sentence without the enhancement, and it seemed to signal the contrary in the post-conviction

proceeding. In its order denying relief under § 2255, the court said that "[w]ithout the Illinois burglary conviction as a third ACCA predicate, then, Cravens was improperly sentenced *and merits relief*." Aside from the term of imprisonment, moreover, it is clear that the ACCA enhancement affected the length of the five-year term of supervised release. Without § 924(e), the maximum term on each count would have been three years, *see* 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(b)(2), and the two terms would have run concurrently. *Id.* § 3624(e). On this record, therefore, we are persuaded that the constitutional error had a substantial effect or influence on the sentence imposed.[2]

For the foregoing reasons, we reverse and remand with directions to resentence Cravens without the enhancement under 18 U.S.C. § 924(e). We express no view, however, on what sentence the district court should impose. We hold only that the record before us fails to establish that the constitutional error at the original sentencing was harmless.

_____

_____

[2]In an unpublished opinion, *Olten v. United States*, 565 F. App'x 558 (8th Cir. 2014) (per curiam), a panel of this court denied a certificate of appealability for a movant who was erroneously sentenced under the ACCA based on a *statutory* error revealed in *Descamps v. United States*, 570 U.S. 254 (2013). *Olten* reasoned that because the district court could re-impose the same total punishment "by imposing consecutive terms of imprisonment for the two counts of conviction," the movant was not entitled to relief. 565 F. App'x at 561. *Olten* did not involve a constitutional error, so its reasoning is inapplicable here, and we need not express a view on whether *Olten* was correctly decided.