# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2349

_____

Travis Ryan Raymond

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 12, 2019
Filed: August 13, 2019

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

KELLY, Circuit Judge.

Travis Ryan Raymond received a mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Two years later, he filed a pro se petition under 28 U.S.C. § 2255 challenging the sentence. The district court concluded that Raymond did not qualify for the ACCA mandatory minimum but that it nonetheless was unable to grant relief because Raymond could not show a complete miscarriage of justice. Raymond appeals not from that order, but from an order

denying his later, counseled motion for relief under Federal Rule of Civil Procedure 60(b)(6). Because the district court was not precluded from granting Raymond relief, we vacate the district court's decision and remand the case for further proceedings.

I

In 2014, Raymond pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The drug count carried a 20-year maximum term of imprisonment. The firearm count normally carried a 10-year maximum, but the district court found that five of Raymond's prior Minnesota convictions qualified as violent felonies under the ACCA, which increased the minimum term of imprisonment on the firearm count to 15 years. Raymond objected to the ACCA enhancement. The district court overruled the objection but encouraged Raymond to appeal the enhancement, noting that the Supreme Court would soon "be taking up this issue" in Johnson v. United States. It then sentenced Raymond to concurrent 15-year terms of imprisonment on both counts, which it explained was the mandatory minimum sentence allowed under the ACCA and thus the sentence "that no judge can go under." It also imposed a five-year term of supervised release.

Raymond appealed, challenging the ACCA enhancement. In February 2015, this court affirmed the sentence, explaining that "convictions under the Minnesota statutes that Raymond violated are violent felonies under § 924(e)." United States v. Raymond (Raymond I), 778 F.3d 716, 717 (8th Cir. 2015) (per curiam). Four months later, the Supreme Court issued its decision in Johnson v. United States, 135 S. Ct. 2551 (2015), holding the residual clause of the ACCA void for vagueness under the Fifth Amendment.

In June 2016, Raymond filed a timely pro se petition to vacate his sentence under 28 U.S.C. § 2255, arguing that in light of Johnson, the ACCA enhancement no longer applied to him. The district court agreed with Raymond and the government that three of his prior Minnesota convictions—for third degree burglary, terroristic threats, and fleeing a police officer—do not qualify as violent felonies after Johnson, and therefore the ACCA enhancement does not apply to him and he "is not subject to the statutory mandatory minimum sentence of fifteen years." United States v. Raymond (Raymond II), Crim. No. 14-26, 2017 WL 2483788, at *2 (D. Minn. June 8, 2017). But it concluded that nevertheless, Raymond was not entitled to relief because his 15-year sentence still fell within the sentencing range recommended by the United States Sentencing Guidelines on the drug count, so the denial of relief would not result in "a complete miscarriage of justice." Id. at *1, 3 (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). Raymond subsequently filed a pro se motion for reconsideration, which the district court denied.

Then, in February 2018, the district court appointed the federal defender to represent Raymond at the federal defender's request. Raymond, through counsel, filed a motion under Rule 60(b)(6) seeking reconsideration of his petition.[1] The district court denied the motion, explaining once again that because "the same sentence could be reimposed" at resentencing, Raymond had "failed to show there would be a complete miscarriage of justice if he is not granted relief." United States v. Raymond (Raymond III), Crim. No. 14-26, 2018 WL 1902724, at *5 (D. Minn. Apr. 20, 2018) (citing Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc)). But it granted Raymond a certificate of appealability on the issue. Raymond filed a notice of appeal on June 14, 2018.

---

[1]The district court determined that Raymond's filing was a Rule 60(b) motion in both form and substance and therefore not subject to § 2255's limitations on second or successive habeas petitions. The government does not contest this determination.

## II

Because Raymond's notice of appeal was filed more than 60 days after the district court issued its initial order denying his § 2255 petition, our review is limited to the district court's denial of the Rule 60(b)(6) motion; we lack jurisdiction to review the original decision denying § 2255 relief. See Rule 11(b) of the Rules Governing Section 2255 Proceedings; Fed. R. App. P. 4(a)(4)(A). As a practical matter, the timing of Raymond's appeal affects our standard of review. Rather than reviewing the merits of the § 2255 decision de novo, we must review the district court's denial of the Rule 60(b)(6) motion for an abuse of discretion. Davis v. Kelley, 855 F.3d 833, 835 (8th Cir. 2017) (per curiam). "An error of law is necessarily an abuse of discretion." City of Duluth v. Fond du Lac Band of Superior Chippewa, 702 F.3d 1147, 1152 (8th Cir. 2013).

Rule 60(b)(6) allows for relief only in "extraordinary circumstances." Buck v. Davis, 137 S. Ct. 759, 777–78 (2017) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" Id. at 778 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–64 (1988)). "'[A] good claim or defense' is a precondition of Rule 60(b)(6) relief." Id. at 780 (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2857 (3d ed. 2012)). Therefore, we begin our review with the merits of Raymond's § 2255 petition—the only factor that the district court considered.

A

Section 2255 offers potential remedies in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law. See § 2255(b). The first two types of errors are readily cognizable under § 2255. See Cravens v. United States, 894 F.3d 891, 893 (8th Cir. 2018). But when it comes to errors of law, "the permissible scope of a § 2255 [petition] is severely limited." Id. (quoting Sun Bear, 644 F.3d at 704). An error of law may be remedied under § 2255 only when it "constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Here, the district court believed that Sun Bear controlled the outcome of Raymond's § 2255 petition and that under Sun Bear, "if the same sentence could have been imposed, then a defendant is not entitled to habeas relief." Raymond III, 2018 WL 1902724, at *4. But Sun Bear concerned an improper application of the Guidelines. See Sun Bear, 644 F.3d at 704–05. In contrast, the district court here determined that the sentence imposed on Raymond's firearm count was based on the ACCA's unconstitutionally vague residual clause, see Raymond III, 2018 WL 1902724, at *2, which we have since explained means that the sentence was "imposed in violation of the Constitution," Cravens, 894 F.3d at 893. The district court's application of the incorrect standard, although understandable pre-Cravens, is a legal error that amounts to an abuse of discretion.

Because the error in Raymond's sentencing is a constitutional one, Raymond would be "entitled to relief unless the error was harmless," that is, unless "the [enhancement] did not have substantial and injurious effect or influence on the outcome of the proceeding and caused no actual prejudice to the defendant." Id. (cleaned up). The mere fact that the district court *could* have imposed the same term of imprisonment without the ACCA enhancement does not render the error harmless.

Id. at 893–94. And here, the district court, at a minimum, *could not* have imposed the same term of supervised release without the ACCA enhancement, as the maximum term on each count would be three years.[2] See 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. §§ 924(a)(2) and 3583(b)(2). Thus, the sentencing error identified by the district court would prejudice Raymond, entitling him to relief under § 2255 and potentially entitling him to relief under Rule 60(b)(6).

B

In the usual case, we would next turn our attention to the district court's consideration of other Rule 60(b)(6) factors. But here, the district court's denial of relief under Rule 60(b)(6) rested solely on the merits of Raymond's underlying § 2255 petition, and our analysis of the merits question rests on the proposition that the district court correctly concluded that Raymond no longer qualifies for an ACCA enhancement. That proposition has been called into question by the government, citing the Supreme Court's opinion in Quarles v. United States, 139 S. Ct. 1872 (2019), which was issued shortly before we held oral argument on Raymond's appeal. Quarles held that the broader definition of "remaining in" burglary qualifies as a violent felony under the ACCA. See id. at 1877. The government argues that Quarles abrogated our previous case law on Minnesota's third degree burglary statute, United States v. McArthur, 850 F.3d 925 (8th Cir. 2017), such that Raymond's third degree burglary conviction once again qualifies as a violent felony. Raymond concedes that Quarles changes the legal landscape, but he argues that nonetheless, Minnesota's third

---

[2]The government suggests that the district court erred in imposing a concurrent five-year term of supervised release on the drug count and that Raymond forfeited his right to correct that error by not raising the issue on direct appeal. But the district court simply imposed a single five-year term of supervised release without specifying specific lengths for each count, presumably because terms of supervised release are statutorily required to run concurrently. See 18 U.S.C. § 3624(e). So there was no error for Raymond to challenge on direct appeal, and Raymond did not forfeit his right to a term of supervised release authorized by statute.

degree burglary statute remains outside the ACCA's definition of violent felony.  <u>See</u> <u>Van Cannon v. United States</u>, 890 F.3d 656, 664 (7th Cir. 2018) (holding that Minnesota second degree burglary does not qualify as a violent felony because, among other things, "the Minnesota statute doesn't require proof of intent to commit a crime *at all*").

Under the circumstances, we believe it best to vacate the denial of Rule 60(b)(6) relief and remand to the district court to reconsider the merits of Raymond's ACCA challenge in light of <u>Quarles</u> and, if necessary, to consider other factors affecting the Rule 60(b)(6) analysis.

_____